[No. 4202.   Decided April 2, 1903.]

THE STATE OF WASHINGTON on the Relation of J. W.
Smith, Appellant, v. BOARD OF DENTAL EXAMINERS OF
THE STATE OF WASHINGTON, Respondent.

DENTISTS — EXAMINATION AND REGISTRATION.

The proviso to § 1, of the act of 1901, amending the dentistry
law of 1893, which excepts from the operation of the statutory
requirements as to examination and registration of dentists,
"persons engaged in the practice of dentistry at the time of the
passage of this act who are bona fide citizens of the state of
Washington," contemplates only those who were lawfully prac-
ticing at that date, and would not operate in favor of those who
had been practicing as dentists in violation of the existing
law at the time of the passage of the amendatory law.

SAME — CONSTITUTIONAL LAW.

Laws for the regulation of the practice of dentistry fall within
the police power of the state, and hence are not unconstitutional
on the ground of infringing the rights of the individual.

SAME — STATUTES — TITLE OF ACT.

An act providing a penalty for practicing dentistry without
a license is not unconstitutional because of the failure of the
title to specify that the act provides for a penalty, since the
title of the act, "An act to regulate the practice of dentistry in
the state of Washington," is comprehensive enough to include
the means necessary to effect the object sought by the statute.

Appeal from Superior Court, King County.—HON.
ARTHUR E. GRIFFIN, Judge.   Affirmed.

*Ballinger, Ronald & Battle* and *E. H. Guie (Thomas M. Vance* and *J. W. Robinson,* of counsel), for appellant.

*Piles, Donworth & Howe,* for respondents.

The opinion of the court was delivered by

HADLEY, J.—The relator applied to the superior court for a writ of mandate directed to the board of dental examiners of the state of Washington, and to respondents as members constituting said board. At the hearing the following stipulation was filed as embodying the essential facts involved:

"It is hereby stipulated and agreed that J. W. Smith, the applicant herein, for five years last past, but no longer, has been, and at the time of the passage by the legislature at its regular session of an act to amend sections 4, 6, 8 and 11 of chapter 55 of the session laws of 1893, approved by the Governor March 18, 1901, was, for a fee, treating diseases or lesions of the human teeth and jaws and correcting malpositions thereof, but that said Smith is not a graduate of a dental college, nor is he a holder of any diploma of any dental college, nor has he ever attended a course of lectures of any dental college, nor has he ever held any such diploma; that he has never passed any examination for admission to practice dentistry in the state of Washington or elsewhere; that he has never been licensed as a dentist, or been registered as such under the provisions of an act of the legislature of the state of Washington, entitled 'An act to regulate the practice of dentistry in the state of Washington, and declaring an emergency,' approved March 8, 1893, or under any other act."

Upon the above facts the court denied the writ of mandate, entered judgment that relator shall take nothing, and awarded costs to respondents. The relator has appealed.

The sole question involved in this case is whether ap-

pellant is entitled to be registered as a dental practitioner in the state of Washington. Chapter 55, p. 88 *et seq.*, Session Laws 1893, contains an act regulating the practice of dentistry in this state. Section 4 of that act provides that any person who desires to begin the practice of dentistry after the passage of the act shall file his name and application for examination with the secretary of the board of dental examiners, pay the required fee, and present himself before the board for examination at the next regular meeting of that body. It is further provided that no person shall be eligible for such examination unless he shall be of good moral character, and shall present to the board his diploma from some dental college in good standing, with satisfactory evidence of his rightful possession of the same. But, by a special proviso of the section, persons may be admitted to examination who shall give satisfactory evidence of having been engaged in the practice of dentistry ten years prior to the date of application for examination. Section 8 of the act provides a penalty, by way of fine or imprisonment, for the violation of the terms of the statute. The stipulation above set out shows that appellant has never had a diploma from a dental college, and had practiced dentistry for five years, and no more, before his application for registration was made. It is manifest that by so practicing dentistry he was violating the terms of the law of 1893, since he never passed an examination entitling him to be registered, and was not qualified to be even admitted to examination, either by reason of holding a diploma from a dental college, or of having practiced the required time. The law of 1893 was amended in 1901. The amending act is found in chapter 152, p. 314, Session Laws 1901. Section 1 of the amending act is an amendment to the above

mentioned § 4 of the act of 1893. The essential features of the former section are repeated in the amending section, with the exception that the proviso in the former section which admits to examination those who have practiced dentistry for ten years is omitted, and the following proviso appears in the amended section: "Provided, this section shall not apply to persons engaged in the practice of dentistry at the time of the passage of this act who are *bona fide* citizens of the state of Washington." After the above statute went into effect appellant applied to the board of dental examiners to be registered and licensed as a practicing dentist, and claimed his right thereto under the quoted proviso above. He claims that, as a citizen of the state, engaged in the practice of dentistry at the time of the passage of the act, he is exempt from all the requirements as to examination and is at once entitled to registration. Appellant had been engaged five years in what he calls the practice of dentistry, but under his interpretation of the law one who had been engaged therein but five days is entitled to the same privilege, and that too without regard to any dental college or other training. Can it be possible that the legislature intended such an unreasonable and seemingly absurd result? For years the policy of the state prior to the passage of this act had been to require all persons engaging in the practice of dentistry to pass an examination before the dental board of examiners, and for one to even be admitted to such examination he must have been either a dental college graduate, or a practitioner for ten years. Yet appellant's contention here would permit one who happened to be a *bona fide* citizen of the state when the act of 1901 was passed to practice dentistry, although he may have been without learning, experience, or skill in the profes-

sion.   It is true, if such were clearly the legislative in-
tent, it would have to be so held, however unwise such a
regulation might be deemed to be.   Let us endeavor to dis-
cover the legislative meaning.   When the act of 1901
was passed, all persons who were *lawfully* engaged in the
practice of dentistry in the state had already passed an
examination before the board, and there was no necessity
for the examination requirements of the new law being ap-
plied to them.   Hence the proviso exempting them.   But
the appellant goes further and says the exemption must
apply to all others then citizens of the state who were en-
gaged in the practice of dentistry.   Were there in fact any
others actually engaged in the practice of dentistry, as that
term must be understood in this statute?   The act of 1901
was not an original act upon the subject of dentistry.   It
was an amending act and must therefore be construed in the
light of previous legislation upon the subject.   The first leg-
islation was in territorial days, and the last, before the 1901
amendment, was by the state in 1893.   What was it to
practice dentistry under the law of 1893?   It was to pur-
sue a lawful vocation in the manner prescribed by statute.
The daily commission of a misdemeanor for five continu-
ing years by violating the law of 1893, as appellant ad-
mittedly did, was not practicing dentistry, although he
may have performed some acts which dentists perform,
and called it practicing dentistry.   The amending section
must be held to refer to the practice of dentistry as it
was then recognized by law.   Appellant contends that,
in order to give the statute the effect we have stated above,
the word "lawfully" must be read into it.   We do not
intend to read into the statute anything that is not al-
ready there.   But it is our duty to ascertain as fully as
possible the spirit of the law from the words used, and we

think we should presume in this connection that, when the legislature used the words "persons engaged in the practice of dentistry," it did not intend to include in that class persons who had never complied with existing law entitling them to engage in such vocation, and who had furthermore openly and continuously violated that law. The persons exempted from the examination were those who had complied with the law, for they were the only ones actually practicing dentistry, as that term must be construed in the light of lawful regulations. Appellant was not included in that class, was not exempt from examination, and was not entitled to be registered as he demanded. That such regulations are within constitutional limitations has already been held by this court. *State v. Carey,* 4 Wash. 424 (30 Pac. 729). That decision related to the practice of medicine and surgery, but the principle is the same. In view of that decision, it seems unnecessary to further discuss that phase of this case, and, indeed, we do not understand appellant to seriously urge that objection. The wisdom of such regulations, pertaining not only to dentistry, but also to the practice of medicine and surgery, is apparent. It is of the highest importance to the state that suffering and afflicted humanity shall not be subjected to the care and treatment of unlearned and unskilled persons. In its effort to prevent such a misfortune to its people, the state may adopt a standard for the test of fitness to engage in the work of what should be a learned profession. When that standard is adopted, those who assume to do the work of such a profession must prove their fitness by the test of such standard. Otherwise they violate the law and cannot be recognized by the state as practitioners of a lawful profession when they seek to follow it in an unlawful way.

Appellant further urges that the section of the act of 1893 which provides a penalty for practicing dentistry without a license is unconstitutional, for the reason that the title does not specifically state that the act provides for a penalty.  The title is as follows: "An act to regulate the practice of dentistry in the State of Washington, and declaring an emergency."  It will be observed that the title is as comprehensive as it well could be.  It is very clear from it that the act treats of the general subject of regulating the practice of dentistry.  Such regulation is universally understood to be founded in the police power of the state, and such power and regulation, it is well known, can be enforced only by some penal provision.  Such a provision is included in the general subject of regulation expressed in the title, and is germane to its purpose.  It is true, the act shall contain but one subject, and that shall be expressed in its title.  While the act shall contain but one subject, yet there are many phases of that subject that may properly be treated in the same act, just as a work upon the subject of damages may treat upon many phases of the general subject.  It is impracticable to indicate in the title of either a book or a legislative act every phase of the general subject that may be treated.  The subject of an act being to regulate the practice of a given profession, the legislature may include in the act the means related to the subject for effecting the object sought.  The title is sufficient, under the following authorities:    Cooley, Constitutional Limitations (6th ed.), pp. 174, 175; *Plumb v. Christie,* 103 Ga. 686 (30 S. E. 759, 42 L. R. A. 181); *State v. Bennett,* 102 Mo. 356 (14 S. W. 865, 10 L. R. A. 717); *Cohn v. People,* 149 Ill. 486 (37 N. E. 60, 23 L. R. A. 821, 41 Am. St. Rep. 304); *State v. Gerhardt,* 145 Ind. 439 (44 N. E.

469, 33 L. R. A. 313); *State v. Yardley,* 95 Tenn. 546 (32 S. W. 481, 34 L. R. A. 656); *Hartford Fire Ins. Co. v. Raymond,* 70 Mich. 485 (38 N. W. 474); *Johnson v. Martin,* 75 Tex. 33 (12 S. W. 321).

We think the lower court did not err in denying the writ asked, and the judgment is affirmed.

FULLERTON, C. J., and MOUNT, ANDERS and DUNBAR, JJ., concur.