(No. 5103.   Decided December 22, 1904.)

*In the Matter of the Petition of* E. G. THOMPSON *for a Writ of Habeas Corpus.*[1]

DENTISTRY—LICENSE TO PRACTICE—CONSTITUTIONAL LAW. The legislative power to restrict and regulate occupations which affect the public comfort and health extends to the practice of dentistry.

SAME—ARBITRARY RULES. Laws 1901, p. 315, § 1, providing for the examination and licensing of dentists, is not unconstitutional as a delegation of legislative power to a board, by reason of the fact that the board of examiners may adopt arbitrary rules; since it will be presumed that the rules will be reasonable, and, if void or arbitrary, they may be reviewed and do not render the act void.

SAME—QUALIFICATIONS OF DENTISTS—REASONABLENESS OF REGULATIONS. Laws 1901, p. 315, § 1, providing as qualifications of dentists, that the applicant for a license to practice shall be possessed of a diploma from a dental college in good standing, shall be of good moral character, etc., contains no unreasonable requirements.

Application to the supreme court, filed April 9, 1904, for a writ of habeas corpus. Writ denied.

*John R. Parker* and *E. J. Brown,* for petitioner.

*Fremont Campbell, Charles O. Bates* and *Walter M. Harvey (Samuel R. Stern,* of counsel), for respondent.

MOUNT, J.—Application for a writ of habeas corpus. Petitioner was convicted of the crime of practicing dentistry without having first obtained a certificate authorizing him to practice dentistry within the state. He prosecutes this writ, claiming that the dental act, under which he was convicted, is unconstitutional, because, (1) it is in derogation of his personal rights; (2) it has attempted to delegate arbitrary legislative power to the board of

[1] Reported in 78 Pac. 899.

dental examiners; and (3) because the act provides that no applicant shall be eligible to take an examination before said board unless he has a diploma from a dental college.   We shall consider these questions in the order stated.

(1)   The right to pursue a lawful occupation is, of course, conceded, but there are certain occupations, in themselves lawful, which are subject to legislative restriction and regulation for the preservation of comfort, health, and life.   It is now generally, if not universally, held that the practice of dentistry is one of the occupations reasonably falling within the legislative right of regulation.   This court recently so held in *State ex rel. Smith v. Board of Dental Examiners*, 31 Wash. 492, 72 Pac. 110, which was a case involving the constitutionality of the act in question in this case.

(2)   The act, in so far as it is subject to attack upon the other points, is as follows:

"§ 4.   Any person or persons seeking to practice dentistry within the state of Washington, or to own, operate or cause to be operated, or to run or manage a dental office or place for the practice of dentistry in the state of Washington after the passage of this act, shall file his or her name, together with an application for examination, with the secretary of the state board of dental examiners, and at the time of making such application shall pay to the secretary of the board a fee of $25, and present him or herself at the first regular meeting thereafter of said board to undergo examination before that body.   No person shall be eligible for such an examination unless he or she shall be of good moral character and shall present to said board his or her diploma from some dental college in good standing and give satisfactory evidence of his or her rightful possession of the same. . . .   All persons successfully passing such examination shall be registered as licensed dentists in

the board register as hereinafter provided, and also receive a certificate, said certificate to be signed by the president and secretary of said board . . ." Laws 1901, p. 315.

The dental board is authorized by this act to examine all applicants for certificates. To be eligible to this examination, the applicant must possess a good moral character, and present a diploma from some dental college in good standing, and give evidence of the lawful possession of such diploma. No power of legislation is conferred by the act upon the dental board, unless it may be said that the rules which the board have adopted, or may adopt, are arbitrary and unauthorized. There is nothing in the record before us to indicate that the dental board have adopted any rules, arbitrary or otherwise, but assuming that the board have adopted some rules— as they certainly must, in order to properly determine the good character of the applicant and the good standing of the college issuing his diploma, and to conduct the examinations upon subjects reasonably required in that profession—we must assume in this proceeding that such rules are reasonable and within the scope and purview of the act. That the board may adopt unreasonable, unwarranted, or purely arbitrary rules for the examination of applicants cannot be presumed to defeat the act. Unless the act itself is void, arbitrary or void rules, made without authority of the act, cannot render it so. The remedy of petitioner for an abuse of the powers of the dental board is not an attack upon the act creating the board, but must be found in some appropriate proceeding to review the conduct of the board.

In the case of *Ex parte Whitley,* decided by the supreme court of California in July of this year, and reported in 77 Pac. 879, that court, in speaking to this point, said:

"Upon the other point, that the power conferred on the board is of such a character as, if exercised arbitrarily, it will be beyond the power of the court to control it, it may be said that petitioner does not seem to have applied to the court on any complaint that the board has taken such arbitrary action. He has not complained to any court that the board has unjustly and arbitrarily dealt with him, but he is here contending that the law is unconstitutional, and that, under it, his right to practice is not subject to action or determination by the board at all. If he has been unjustly and arbitrarily dealt with, and should apply to the courts for redress, it will be doubtless found, as is stated in *Dent v. West Virginia*, 129 U. S. 124, 9 Sup. Ct. 234, 32 L. Ed. 623, where the same objection was raised as to power conferred on the board of medical examiners of West Virginia, that 'if, in the proceedings under the statute, there should be any unfair or unjust action upon the part of the board in refusing him a certificate, we doubt not that a remedy would be found in the courts of the state.' *Reetz v. Michigan*, 188 U. S. 505, 23 Sup. Ct. 390, 47 L. Ed. 563; *Wisconsin v. Chittenden*, 112 Wis. 558."

The case of *Ex parte Whitley, supra,* is directly in point in this case, and discusses and decides every point presented here by petitioner adversely to his contention.

(3) If we are correct in our conclusion that the legislature, in the exercise of its police power, has authority, under the state and federal constitutions, to regulate the practice of dentistry within the state by reasonable rules, it follows that the legislature may provide that an applicant must be possessed of a diploma from some dental college in good standing. There is nothing unreasonable in this requirement, nor in the other requirements named in the act. Such diploma is evidence of the ability of the applicant to practice dentistry. It is not conclusive of such ability, and the dental board may, therefore, provide reasonable rules for determining the actual ability

of the applicant.  *Ex parte Whiteley, supra,* and cases there cited.

We therefore conclude that the act is not violative of any constitutional provision suggested.  The writ is therefore denied.

FULLERTON, C. J., and HADLEY, DUNBAR, and ANDERS, JJ., concur.