[No. 5397. Decided February 18, 1905.]

THE STATE OF WASHINGTON, *Respondent,* v. EDWIN J. BROWN, *Appellant.*[1]

CONSTITUTIONAL LAW—POLICE POWER—DENTISTRY. The provisions of Laws 1901, pp. 314-318, regulating the practice of dentistry are a valid exercise of the police power.

CRIMINAL LAW—PRACTICING DENTISTRY WITHOUT A LICENSE— INSTRUCTIONS. Upon a prosecution for practicing dentistry without a license it is proper to instruct that it is not necessary to show that a fee was charged for any specific act, or payment made upon performance of the service, or that the act was committed on the exact day charged, but that it is sufficient if it appears that a fee was charged for a series of acts of which the act complained of was one, and that payment was made at any time within one year, for an act performed within one year of the filing of the information.

TRIAL—ASSIGNMENT—DISCRETION OF COURT—REVIEW. The manner of assigning a case on the trial docket is within the discretion of the trial court, and not to be reviewed except for abuse thereof.

[1]Reported in 79 Pac. 638.

CRIMINAL LAW—TRIAL—TIME FOR PLEA. The defendant cannot allege error in that he was not allowed one day to plead, where at the arraignment he answered that he was ready and plead not guilty.

PRACTICING DENTISTRY WITHOUT LICENSE—EVIDENCE OF QUALIFICATIONS—ATTACK ON DECISION OF DENTAL BOARD. Upon a prosecution for practicing dentistry without a license, it is proper to exclude evidence going to show that the defendant properly passed his examination and that the license was withheld through the fraud of the dental board, since the decision of the board cannot be questioned in that manner.

Appeal from a judgment of the superior court for King county, Kennan, J., entered May 13, 1904, upon a trial and conviction of the offense of practicing dentistry without a license. Affirmed.

*John R. Parker,* for appellant.

*Samuel R. Stern,* for respondent.

ROOT, J.—Appellant was prosecuted upon an information charging him with "the crime of practicing dentistry without a license," in that he did "treat a disease and lesion of the human teeth, and did correct malpositions of the human teeth and jaws of one Mrs. Eliza Agutter," etc., in violation of what is commonly known as the "Dental Law," as amended by the act of the legislature approved March 18, 1901, and found in the published session laws of 1901, pp. 314-318. He was tried before a jury and convicted, and from the judgment and sentence of the trial court appeals to this court.

Appellant contends that the statute under which this prosecution was brought is unconstitutional. That portion of said statute has been heretofore upheld by this court. *State ex rel. Smith v. Board of Dental Examiners,* 31 Wash. 492, 72 Pac. 110; *In re Thompson,* 36 Wash. 377, 78 Pac. 899.

It is also contended that the evidence introduced by the

state was insufficient to justify a verdict, and that the motion for nonsuit, interposed at the close of the state's case, should have been sustained. While the evidence is meager, yet it was sufficient upon which to submit the case to the jury; and they having returned a verdict of guilty, we think the evidence adequate to sustain it.

The court gave the jury the following instructions:

"It is not necessary to show that a separate fee was charged for any specific act as shown in the testimony and alleged in the information to have taken place, but it is sufficient to show that a fee was charged and collected for a series of acts in violation of any of the provisions of this law, as charged in the information, and that the act complained of was one of the series.

"You are also charged that the payment for services need not be shown to have been made after the services are alleged to have been performed, but it is sufficient to show that, at some time within one year before the filing of the information, a fee was paid for the services alleged to have been rendered.

"That it is not necessary that the state should show that the offense was committed upon the exact date set out in the information, but that it is sufficient to show that the offense was committed at any time within one year prior to the filing of the complaint or information."

To the giving of each of these instructions exception was taken, and such action of the court is urged as error on this appeal. We think these instructions were applicable to the evidence and consistent with the law of the case, and that no prejudicial error resulted to the appellant by reason of the giving thereof.

Appellant complains that his case was not put upon the trial docket of the superior court in the regular manner. This was a matter largely within the discretion of the trial court, and, in the absence of a showing of abuse of discretion, we are not inclined to review that court's action in the premises.

Appellant complains that he was not allowed one day within which to plead. The transcript of the record, brought here by appellant, shows that, at the time of arraignment, the appellant was asked if he was ready to plead, and answered that he was, and thereupon interposed a plea of "not guilty." In the absence of any fact to the contrary, certified by the trial judge, this record must be controlling.

Appellant also contends that his motion to require the state to produce the questions and answers propounded to appellant at the time of his examination by the board of dental examiners should have been sustained, and that he should have been permitted to show that he successfully passed said examination, and was entitled to a license from said board, and that the same had been wrongfully, dishonestly and fraudulently withheld from him. We do not think the action of the state dental board can be questioned in this manner. In the case of *In re Thompson, supra,* this court, speaking by Mount, J., used this language: "The remedy of petitioner for an abuse of the powers of the dental board is not an attack upon the act creating the board, but must be found in some appropriate proceeding to review the conduct of the board."

Upon the whole record we feel that the case should be affirmed, and it is so ordered.

Mount, C. J., Rudkin, Crow, and Dunbar, JJ., concur.

Hadley and Fullerton, JJ., took no part.