[No. 5398.  Decided February 18, 1905.]

THE STATE OF WASHINGTON, *Respondent,* v. C. H. SEXTON, *Appellant.*[1]

CONSTITUTIONAL LAW—POLICE POWER—DENTISTRY. The provisions of Laws 1901, pp. 314-318, regulating the practice of dentistry are a valid exercise of the police power.

TRIAL—NONSUIT—RE-OPENING CASE. It is discretionary to reopen a case for further evidence after the state has rested and a motion for a nonsuit is about to be granted, and error cannot be predicated thereon in the absence of abuse of discretion.

CRIMINAL LAW—PRACTICING DENTISTRY WITHOUT A LICENSE—EVIDENCE—SUFFICIENCY. There is sufficient evidence to sustain a conviction of the offense of practicing dentistry without a license where it appears that the defendant cleaned a patient's teeth, removed tartar therefrom, and made an examination for the purpose of estimating the cost of further treatment.

TRIAL—ASSIGNMENT—DISCRETION OF COURT—REVIEW. The manner of assigning a case on the trial docket is within the discretion of the trial court, and not to be reviewed except for abuse thereof.

CRIMINAL LAW—TRIAL—TIME FOR PLEA—WAIVER OF OBJECTION. The defendant cannot allege error in that he was not allowed one day in which to plead, where he waived arraignment and the trial was continued, and no objection was made until after conviction.

CRIMINAL LAW—TRIAL—INDORSEMENT OF NAMES OF WITNESSES. It is largely discretionary to permit a witness to testify without indorsement of his name upon the information, and is not ground for reversal where defendant suffered no disadvantage thereby.

Appeal from a judgment of the superior court for King county, Kennan, J., entered May 13, 1904, upon a trial and conviction of the offense of practicing dentistry without a license.   Affirmed.

*John R. Parker* and *E. J. Brown,* for appellant.

*Samuel R. Stern,* for respondent.

[1]Reported in 79 Pac. 634.

ROOT, J.—Appellant was prosecuted upon an informa-
tion charging him with "the crime of practicing dentistry
without a license," in that he did "treat a disease and
lesion of the human teeth, and did correct malpositions of
the human teeth and jaws, of one R. A. Netzer," in viola-
tion of the provisions of the "Dental Law" (Laws of
1901, pp. 314-318). From a judgment of conviction by
the superior court he appeals to this court.

Appellant assails the constitutionality of this act; but
that portion of the act involved in this case has been here-
tofore upheld by this court. See, *State ex rel. Smith v.
Board of Dental Examiners,* 31 Wash. 492, 72 Pac. 110;
*In re Thompson,* 36 Wash. 377, 78 Pac. 899.

After introducing certain evidence at the trial, the state
rested its case; whereupon the appellant moved for a non-
suit. Without ruling upon the motion, the court made a
remark intimating that the evidence was insufficient.
Thereupon respondent's attorney asked permission to in-
troduce further testimony on the point under considera-
tion. To this, appellant's attorneys objected; but the ob-
jection was overruled, and the state proceeded to introduce
further testimony. This action of the trial court is alleged
as error. We are inclined to think that ordinarily this is
a matter within the sound discretion of the trial court, and,
in the absence of a showing of an abuse of discretion,
should not be reviewed by the appellate court. In the
case of *Tucker v. People,* 122 Ill. 583 (p. 594), 13 N. E.
809, the supreme court of Illinois said:

"The admission of further evidence after the case had
been closed and before the jury had retired, was a matter
resting in the sound discretion of the court, and as it does
not appear that the discretion was abused, we do not think
the court erred."

See, *Knapp v. Order of Pendo,* 36 Wash. 601, 79 Pac.

209; *State v. Buchler,* 103 Mo. 203, 15 S. W. 331; *State v. Flynn,* 42 Iowa, 164; *Kahlenbeck v. State,* 119 Ind. 118, 21 N. E. 460; *Dyer v. State,* 88 Ala. 225, 7 South. 267; *Wiggins v. State,* 80 Ga. 468, 5 S. E. 503; 1 Bishop, New Crim. Pro., p. 582, § 966. We are not persuaded that the trial court abused its discretion in this instance.

Appellant further contends that there was not evidence sufficient to justify the submission of the case to the jury, or to support a verdict of guilty. There was evidence that the appellant cleaned the teeth of Netzer, removing tartar therefrom, and made an examination of them in order to give an estimate of the cost of "having them fixed;" that he "sounded" them and "picked" them. While part of this evidence was contradicted, it was nevertheless sufficient to carry the case to the jury, and, if believed, to justify a verdict of guilty under the provisions of the law in question.

Appellant claims that the case was not regularly set for trial. This is a matter largely within the discretion of the trial court, and not susceptible of review here except where an abuse of discretion is shown, which is not done in this case. It is also claimed that appellant was not given the statutory time of one day to plead. The record shows that he waived arraignment on April 11, 1904, and that the case was on the same day continued "for trial" to April 13, and tried on April 15. No objection to lack of time to plead or to going to trial appears to have been made until after conviction. This was too late.

Appellant further alleges that the court erred in permitting one Dr. Reynolds to testify, inasmuch as his name had not been indorsed on the information prior to the trial. This, also, was a matter largely within the discretion of the trial court, and, from the character of the evidence given by said witness, we cannot see that appellant was

thereby put to a disadvantage, or that the trial court abused
its discretion.

Certain other errors are assigned touching the introduc-
tion of evidence, but an examination of these assignments
fails to reveal any merit.

The judgment of the lower court is affirmed.

MOUNT, C. J., RUDKIN, CROW, and DUNBAR, JJ., con-
cur.

HADLEY and FULLERTON, JJ., took no part.