[No. 5334.   Decided April 15, 1905.]

THE STATE OF WASHINGTON, *ex rel. Edwin J. Brown, Appellant*, v. BOARD OF DENTAL EXAMINERS OF THE STATE OF WASHINGTON *et al., Respondents.*[1]

DENTISTS—LICENSES—EXAMINATION—QUESTIONS AND ANSWERS—ADMISSIBILITY—FORMER ORDER TO PRODUCE.  In mandamus to compel the state dental board to issue a license to practice dentistry, to an applicant who alleged that the same was withheld because he refused to agree to a code of ethics, in which the board answered that the license was withheld because he failed to pass the usual examination, the questions and answers at such examination are inadmissible, and it is therefore proper for the trial judge to disregard a former order in the case by a former presiding judge, ordering the board to produce such questions and answers.

SAME—DISCRETION OF BOARD ON EXAMINATION—REVIEW OF.  In such a case, the determination of the credits to be given answers in the examination is within the exclusive discretion of the dental board, and the courts will not review the same, unless the action of the board is arbitrary and fraudulent to the extent of being a refusal to exercise its discretion.

SAME—FRAUD IN WITHHOLDING LICENSE—EVIDENCE—FAILURE OF PROOF.  In mandamus to compel the state dental board to issue a license to practice dentistry, in which no evidence was offered

[1]Reported in 80 Pac. 544.

of the allegation that the license was fraudulently withheld be-
cause the applicant refused to agree to a code of ethics, and
there was no other allegation of fraud, there is a total failure
of proof, and the proceeding is properly dismissed.

Appeal from a judgment of the superior court for King
county, Rudkin, J., entered March 11, 1904, upon with-
drawing the case from the jury, at the close of plaintiff's
evidence, in an action to compel the state dental board to
issue a license to practice dentistry.   Affirmed.

*John R. Parker,* for appellant.

*Samuel R. Stern,* for respondents.

Dunbar, J.—The appellant filed, in the superior court
of King county, an affidavit and petition for a writ of
mandamus, to be issued against the board of dental exam-
iners of the state of Washington, and the members thereof,
commanding them to issue to appellant a license to prac-
tice dentistry in the state of Washington, alleging in the
petition that they had refused to grant the same to appel-
lant unless he would sign a certain code of ethics which
had been prepared by the said board of dental examiners,
and alleging that he was qualified for admission, etc.   The
respondents answered, denying the allegations of the peti-
tion, and affirmatively alleging that there had been no
discrimination against appellant, but that his failure to
be admitted was by reason of his failure to pass the ex-
amination which all applicants were subjected to.   The
appellant applied to Judge Hatch for an order on the re-
spondents to produce the questions, answers, and other
documents relating to the examination, and the case was
continued for that purpose.   When the cause was again
called, Judge Rudkin was the presiding judge, and, the
respondents having failed to produce the questions, an-
swers, and other documents relating to the examination,

the court declined to enforce the order, holding that such testimony could not legally be admitted in this case, and that the only question for the jury to determine was whether or not the license was withheld by the examining board because the applicant would not subscribe to the code of ethics. The case was tried on the issues thus narrowed, and, there being no testimony tending to support the allegation relied upon, the cause was withdrawn from the jury, and the application dismissed. From the judgment of dismissal, this appeal is taken.

As to the first error—in refusing to enforce the order of Judge Hatch in relation to the testimony asked for—if Judge Hatch had continued to sit in the case, when the testimony was offered, and if it had appeared to the judge that it was not competent testimony under the pleadings, he would have had a right to reject it nothwithstanding his former order. No further limitations could be placed upon the power of Judge Rudkin, who succeeded him in the trial of the cause; and, as we view the law on this subject, the admission of such testimony would have constituted reversible error.

On the main proposition in the case—the right of the court to interfere with the discretion of the examining board—quite an array of authority is cited, and the usual discussion in such cases is indulged in. But it seems to us that the confusion that arises in the discussion of this question arises more from the inaccurate terms which are used by the law writers than from any inherent difficulty in the law itself. The general rule is well established that the courts cannot review the discretion which has by law been vested exclusively in inferior tribunals, and mandamus will therefore not lie to compel the performance of acts or duties which necessarily call for the exercise of discretion on the part of the officer or board at whose hands their

performance is required; because the state has, as in this instance, determined upon and specified the officers upon whose judgment on the questions submitted to them the state is willing to rely. Taking the case at bar for an example, if a record of the examination had been produced in court, with the questions, answers, and credits given to each question, who would determine whether or not a particular answer had received a sufficient credit? Certainly not the jury, for they are not presumably competent to pass a proper judgment on such subjects. Not the judge, for his qualifications do not embrace, or at least require, an expert knowledge of the science of dentistry. Expert witnesses could not be properly permitted to testify, for the reason that the state has already designated and empowered experts to pass upon these questions, presumably by reason of their recognized qualifications.

But, notwithstanding this, it is equally well established that courts will compel by mandamus the honest performance of official duty, and if, under pretense of exercising discretion, the power is exercised with manifest injustice or is grossly abused, or duty is avoided, the courts will grant relief. The action of the court must, in reality, be based upon the assumption that the inferior tribunal has refused to exercise the discretion with which it is clothed; because, if it acts arbitrarily or fraudulently, or through unworthy or selfish motives, or conspires against the rights of individuals, under the law, and therefore against the law itself, it has not strictly, as is frequently said, "abused its discretion"—a term which is responsible for some confusion of ideas on this subject—but in contemplation of law, it has not exercised its discretion at all, but has sought to substitute arbitrary and fraudulent disposition and determination of the question submitted, for the honest discretion demanded by the law. In such cases the law will, by

mandamus, compel the tribunal to act honestly and fairly, or, in other words, to *exercise its discretion;* and, when this distinction is kept in mind, the seeming difficulties which have surrounded this question, and which have caused so much discussion, disappear.

But, in the light of the record in this case, these abstract principles are scarcely involved; for, while it is at least theoretically true that there is no wrong without a remedy, there is no allegation of any wrong in the petition in this case upon which the appellant was denied a hearing. The application for the writ, after setting forth the qualifications of the applicant and his admission in other states to the practice of dentistry, and his application to practice in this state, alleges, in paragraph 10, as follows:

"That the said defendants, disregarding their duties and obligations as dental examiners under the laws of this state, wrongfully and unlawfully demanded of said Edwin J. Brown, when he presented himself for examination, that the said Edwin J. Brown sign and acknowledge a certain unlawful contract with the said board of dental examiners in consideration of his being permitted by said defendants to take said examination and receive a license to practice dentistry in this state, which said proposed contract is in words and figures as follows, to wit, . . ." (setting forth the contract and code of ethics.)

The following section (11) is as follows:

"That the said Edwin J. Brown refused to sign and acknowledge said proposed immoral and unlawful contract, and demanded that said defendants act upon the merits of his examination and his qualifications to practice dentistry in accordance with their duty and authority under the laws of this state, and that his name be registered as a licensed dentist by said board, and that a certificate be issued to him signed by the president and secretary of such board, in accordance with the statutes in such case made and provided."

And those are all the allegations of fraud there are in the complaint or petition. It is true, respondents are charged with fraudulently refusing, but this is the specified fraud, for section 12 proceeds: "That the said defendants, for the reasons aforesaid, wrongfully and fraudulently refused to register his name," etc. So that, when this allegation of fraud, by refusing the license because the applicant would not sign the code of honor, absolutely failed to be established by proof, there was no other course left the court than to take the case from the jury and dismiss the action.

The authorities which the appellant cites to this court are simply to the effect that the court will compel an inferior tribunal to exercise its discretion. The first case cited by appellant, *Illinois etc. Dental Ex. v. People ex rel. Cooper,* 123 Ill. 227, 13 N. E. 201, is where the whole controversy was whether a certain college, at which the applicant had graduated, was a reputable college, the law providing that it was the duty of the board of dental examiners, upon the application of a person with a certificate from a reputable college, to pass such applicant without examination. In that case the board refused to determine the question of whether the college was reputable or not, but submitted that question to a society of dentists, many of whom it was alleged (and was not disputed) were not citizens of the state of Illinois; and the court very properly held that in this the board of dental examiners of the state of Illinois refused to exercise their discretion; that the duty to issue the license was purely a ministerial one, after the question of the reputation of the college was determined. The other cases cited are along the same line, and none of them, as we view them, are applicable to the questions involved in this case, under the pleadings presented. The constitutionality of the law

has been decided adversely to appellant's contention in several cases by this court.

There appearing to be no error in the record, the judgment will be affirmed.

MOUNT, C. J., HADLEY, and FULLERTON, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.