[No. 6896.   Decided January 15, 1908.]

THE STATE OF WASHINGTON, *on the Relation of E. G.
Thompson, Appellant,* v. STATE BOARD OF DENTAL
EXAMINERS *et al., Respondents.*[1]

PHYSICIANS AND SURGEONS—DENTISTRY—PRACTICE—REGULATIONS—
CONSTITUTIONAL LAW.  The statutory requirement that an applicant
for a license to practice dentistry shall present a diploma from a
dental college in good standing, before taking his examination, is
not so unreasonable or arbitrary as to infringe any constitutional
right.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered April 11, 1907, upon sustain-
ing a demurrer to an application for a writ of mandamus,
dismissing an action to compel the examination of an appli-
cant to practice dentistry.   Affirmed.

*John R. Parker* and *Edwin J. Brown,* for relator.

*Walter M. Harvey,* for respondents.

CROW, J.—E. G. Thompson as relator made application to
the superior court of King county for a writ of mandamus to
compel W. A. Fishburn, C. S. Irwin, F. R. Fisk, H. B. Brand,
and E. B. Edgars, the state board of dental examiners, to
examine him touching his qualifications to practice dentistry
in the state of Washington, and to further compel such board
to issue to him a license to practice dentistry in the event that
he successfully passes such examination.   The defendants
interposed a demurrer to his affidavit, which was sustained by
the trial court.   Thereupon the relator declined to plead
further, and an order of dismissal was entered, from which
he has appealed.

It is not necessary to state the allegations of the affidavit
upon which the appellant based his application for the writ,

[1]Reported in 93 Pac. 515.

as the only defect sought to be reached by the demurrer was appellant's failure to allege that when he filed his application, paid his fee, and presented himself for examination, he also presented to the respondents his diploma from some dental college in good standing, with satisfactory evidence of his rightful possession of the same. It is not contended by the respondents that appellant's affidavit is defective for the want of any other allegation, and for the purposes of this case it is conceded that he has no such diploma. 3 Bal. Code, § 3025 (P. C. § 4467), provides that:

"Any person or persons seeking to practice dentistry in the state of Washington . . . after the passage of this act shall file his or her name, together with an application for examination, with the secretary of the state board of dental examiners, and at the time of making such application shall pay to the secretary of the board a fee of twenty-five dollars, and to present him or herself at the first regular meeting thereafter of said board to undergo examination before that body. No person shall be eligible for such an examination unless he or she shall be of good moral character and shall present to said board his or her diploma from some dental college in good standing, and shall give satisfactory evidence of his or her rightful possession of the same. . ."

The appellant's only contention is that the provision of the above section requiring him to present his diploma as a condition precedent to taking the examination is unconstitutional and void. He has alleged that he has sufficient skill, learning, and experience to enable him to pass any reasonable or proper examination and fit him for the practice of dentistry. He does not question the right of the state to regulate the practice of dentistry and thereby protect the public from ignorant and incompetent persons who may wrongfully and fraudulently announce themselves as qualified and skillful practitioners. In fact he substantially concedes that the legislature may, by reasonable enactments, provide appropriate regulations under which only such persons as are competent may be authorized to practice.

Appellant's apparent position is that, while a valid statute might be enacted requiring him to either pass an examination or present a diploma from some dental college in good standing, it cannot compel him to do both without invading his constitutional rights. In other words, he contends that, if he has, as admitted by the demurrer, sufficient skill and knowledge to fit him for the practice, and is able and willing to pass the examination, he cannot also be required to present a diploma to the board as a condition precedent to being permitted to take such examination. The statute makes the same requirements of all applicants for examination. No favored or preferred classes are created or recognized. An applicant who holds a diploma must also pass the examination. Rightful possession of his diploma does not of itself authorize him to practice, or entitle him to a license. The requirement for both diploma and examination as a test of knowledge and skill is not such an unreasonable or arbitrary one as to invalidate the statute. The right to determine what requirements must be met by an applicant is within the exclusive province of the legislature. This statute was considered in the case of *In re Thompson*, 36 Wash. 377, 78 Pac. 899, in which it was attacked as unconstitutional and sustained by this court. Without further discussion, we now adhere to the ruling then made. The appellant contends that case is not in point on the question now presented, but we fail to see any substantial distinction in the principles involved.

The judgment is affirmed.

HADLEY, C. J., ROOT, FULLERTON, and MOUNT, JJ., concur.