[No. 7154.   Decided March 17, 1908.]

THE STATE OF WASHINGTON, *Respondent*, v. E. G.
THOMPSON, *Appellant*.[1]

PHYSICIANS AND SURGEONS — PRACTICING DENTISTRY — CRIMINAL
LAW—EVIDENCE—SUFFICIENCY. The evidence is sufficient to sustain
a conviction for practicing dentistry without a license where it appears that defendant, who had no license, made a new mouth plate
for the prosecuting witness at the agreed price of $5, and in order
to take an impression and fit the plate, extracted a tooth, although
no independent charge was made for extracting the tooth; since
taking the impression was in itself the practicing of dentistry.

SAME—REQUIREMENT OF LICENSE — CONSTITUTIONAL LAW. Bal.
Code, § 3032 prohibiting the practice of dentistry without a license
is not unconstitutional.

Appeal from a judgment of the superior court for King
county, Morris, J., entered April 23, 1907, upon a trial and
conviction of practicing dentistry without a license. Affirmed.

*John R. Parker* and *Edwin J. Brown*, for appellant.

*Kenneth Mackintosh*, for respondent.

MOUNT, J.—The appellant was convicted of practicing
dentistry for a fee without first having procured a license
therefor. He appeals from a judgment imposing upon him
a fine of $50.

He argues that the evidence was insufficient to show that
he practiced dentistry or that he received a fee therefor. The
evidence shows without dispute, that the appellant maintained
a dental office in Seattle and agreed to make a new mouth
plate for the prosecuting witness for the price of $5; that in
order to fit the plate it was necessary to extract a tooth. Appellant extracted the tooth and took an impression for the
plate and collected $3 on account. Subsequently the plate

[1]Reported in 94 Pac. 667.

was made, but the prosecuting witness did not return for it. It was conceded that appellant at the time did not have a license authorizing him to practice dentistry in the state, as required by the dental act. Appellant stated to the prosecuting witness, at the time the tooth was extracted, that he made no charge for extracting the same. These acts of the appellant clearly constituted the practice of dentistry within the meaning of Bal. Code, §3032. While appellant made no independent charge for extracting the tooth, that was a necessary part of the work in fitting the plate to the mouth, because the plate could not be fitted or the impression taken without the removal of the tooth. The charge therefore covered that as much as any other part of the work. But the taking of the impression was itself practicing dentistry, because that act was for the purpose of correcting a malformation of the jaw, by inserting a tooth in place of the one removed. The evidence was clearly sufficient. *State v. Sexton,* 37 Wash. 110, 79 Pac. 634.

Appellant also argues that the act is unconstitutional. We have heretofore, in *State ex rel. Smith v. Board of Dental Examiners,* 31 Wash. 492, 72 Pac. 110, and *In re Thompson,* 36 Wash. 377, 78 Pac. 899, passed upon all the questions presented here, and we are satisfied with the conclusions there reached. See, also, *State v. Sexton, supra; State v. Brown,* 37 Wash. 106, 79 Pac. 638.

There is no error in the record, and the judgment must therefore be affirmed.

HADLEY, C. J., CROW, FULLERTON, and ROOT, JJ., concur.