[No. 8556.   Department One.   June 27, 1910.]

EDWIN J. BROWN, *Appellant*, v. THE STATE OF WASHINGTON,. *Respondent.*[1]

PHYSICIANS AND SURGEONS—LICENSE—STATUTES.   Rem. & Bal. Code, § 8421, prohibiting the practice of dentistry without a license is not unconstitutional by reason of conflict with the constitution or by reason of its maladministration by state authority.

INJUNCTION—EQUITY—ENFORCEMENT OF CRIMINAL LAW.   Equity has no jurisdiction to review the judgment of a criminal court or to restrain execution of a criminal sentence, where no property rights will be affected by the enforcement of a void statute.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered September 27, 1909, upon sustaining a demurrer to the complaint, dismissing an action to vacate and enjoin the enforcement of a judgment of conviction of practicing dentistry without a license. Affirmed.

*John R. Parker*, for appellant.

*The Attorney General* and *W. V. Tanner, W. F. Magill*,. and *Geo. A. Lee, Assistants*, for respondent.

RUDKIN, C. J.—The plaintiff in this action was convicted before the superior court of King county of the crime of practicing dentistry without a license, in contravention of section 8421, Rem. & Bal. Code, and the judgment of conviction was affirmed by this court on appeal. *State v. Brown*,.

[1]Reported in 109 Pac. 802.

37 Wash. 106, 79 Pac. 638, 117 Am. St. 798, 68 L. R. A. 889. The present action was instituted against the state, in the superior court of Thurston county, to review and reverse the last mentioned judgment, and to restrain the state from the enforcement thereof. A demurrer to the complaint was sustained in the court below, and from a judgment dismissing the action, this appeal is prosecuted. The question presented by the appeal is thus stated in the appellant's brief:

"The only question before the Honorable court raised by this record is the constitutionality of the act under which the appellant was prosecuted. Our contention is that it is unconstitutional for two reasons, first, by its terms and in substance it is in conflict with the constitution; second, it is unconstitutional by reason of its maladministration by state authority."

The question thus presented is a familiar one in this court, as a reference to the following cases will show: *State ex rel. Smith v. Board of Dental Examiners*, 31 Wash. 492, 72 Pac. 110; *In re Thompson*, 36 Wash. 377, 78 Pac. 899; *State v. Brown, supra; State v. Sexton*, 37 Wash. 110, 79 Pac. 634; *State v. Littooy*, 37 Wash. 693, 79 Pac. 1135; *State v. Littooy*, 52 Wash. 87, 100 Pac. 170.

But aside from the fact that the question suggested by the record is no longer an open one in this state, there is another all controlling reason why the judgment must be affirmed. A court of equity has no jurisdiction to review or vacate the judgment of a criminal court, or to restrain the execution of a criminal sentence. In this conclusion all the authorities, state and Federal, English and American, agree. High, Injunctions (4th ed.), § 157; 2 Story, Equity (13th ed.), § 893; Freeman, Judgments (4th ed.), § 484a; 22 Cyc. 903; *Ex parte Sawyer*, 124 U. S. 200; *Fitts v. McGhee*, 172 U. S. 516; *Harkrader v. Wadley*, 172 U. S. 148; *Suess v. Noble*, 31 Fed. 855; *Stuart v. Board of Supervisors*, 83 Ill. 341, 25 Am. Rep. 397.

An apparent exception to the general rule exists where

property rights will be destroyed or rendered valueless by the enforcement of a void statute or ordinance, but this case falls within the general rule, and not within the exception. The judgment is therefore affirmed.

FULLERTON, GOSE, MORRIS, and CHADWICK, JJ., concur.