[No. 16770. Department One. April 10, 1922.]

LEON NOBLE et al., *Appellants,* v. FRED J. DIBBLE et al., *Respondents.*[1]

PHYSICIANS AND SURGEONS (2)—LICENSE TO PRACTICE—DENTISTS—STATUTES. The dental practice act, Rem. Code, § 8412 *et seq.*, is constitutional.

COURTS (38)—RULE OF DECISION—FEDERAL DISTRICT COURTS. The supreme court of this state is not bound by the decisions of any Federal court except the supreme court of the United States.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered June 17, 1921, upon sustaining a demurrer to the complaint, dismissing an action for an injunction. Affirmed.

*J. W. A. Nichols* and *Browder Brown,* for appellants.

*The Attorney General,* for respondents.

[1]Reported in 205 Pac. 1049.

PER CURIAM.—The purpose of this action is to enjoin the state director of licenses and the dental examining board from making examinations for the purpose of permitting persons to practice dentistry in this state, and to prohibit them from issuing any certificates authorizing such practice, and to enjoin the state auditor from issuing warrants to the examining committee in payment for their services, and the state treasurer from paying any such warrants. The complaint alleges that the plaintiffs are practicing dentists and are taxpayers in the state of Washington. They allege that the director of licenses and the dental examining board are proceeding from time to time to make examinations and issue certificates authorizing persons to practice the profession of dentistry in this state, and that in so doing they are acting without any warrant of law and in violation of the rights and privileges of the plaintiffs. A demurrer to the complaint on the various statutory grounds was sustained. The plaintiffs refused to further plead and judgment was entered dismissing the action, from which judgment this appeal is taken.

In this court appellants seem to contend that the action of the lower court was wrong because, first, § 8412 *et seq.,* Rem. Code[1] (P. C. § 1931 *et seq.*), being the statute with reference to the practice of dentistry, is unconstitutional; and second, that the Federal district court, sitting in this state, has held the act to be unconstitutional, and such decision is binding upon this court. The respondents contend that the appellants are not entitled to maintain this action. We will not decide that question, but will assume, for the purpose of this action, that they may maintain it.

On the question of the constitutionality of the dental

[1]NOTE: See Rem. Comp. Stat., § 10030.

practice act, the appellants give no distinct reason for their contention, but support it by and make their argument through the recent case of *Noble v. Douglas,* 274 Fed. 672. In that case Judge Cushman, in an exhaustive and able opinion, concludes that the dentistry act of this state is unconstitutional.

The constitutionality of this act is no longer an open question in this state. In *In re Thompson,* 36 Wash. 377, 78 Pac. 899, 2 Ann. Cas. 149, the validity of this identical act was first raised and we held it to be constitutional. The same question has been before us in a number of other cases, in all of which the constitutionality of the act was affirmed. *State v. Brown,* 37 Wash. 106, 79 Pac. 638; *State v. Sexton,* 37 Wash. 110, 79 Pac. 634; *State ex rel. Thompson v. State Board of Dental Examiners,* 48 Wash. 291, 93 Pac. 515; *State v. Thompson,* 48 Wash. 683, 94 Pac. 667; *State v. Littooy,* 52 Wash. 87, 100 Pac. 170, 17 Ann. Cas. 292; *Brown v. State,* 59 Wash. 195, 109 Pac. 802. We are now willing to abide by the result of those cases.

The appellants argue that the decision in the case of *Noble v. Douglas, supra,* by the Federal district court, is binding upon this court and that we must follow it regardless of our previous decisions. It has most generally been held that the highest court of a state is not bound by the decisions of any Federal court except the supreme court of the United States. Black, Judicial Precedents, pp. 373, 374, 377; *Kenna v. Calumet, Hammond & Southeastern R. Co.,* 206 Ill. App. 17; *Wells v. Western Union Tel. Co.,* 144 Iowa 605, 123 N. W. 371, 24 L. R. A. (N. S.) 1045; *State v. Intoxicating Liquors,* 95 Maine 140, 49 Atl. 670.

The judgment is affirmed.