## DOUGLAS, PROSECUTING ATTORNEY FOR KING COUNTY, ET AL. *v.* NOBLE.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF WASHINGTON.

No. 159. Argued January 2, 1923.—Decided February 19, 1923.

1. The law of Washington, Remington, 1915, §§ 8412–8425, which provides that only licensed persons shall practice dentistry, vesting the licensing power in an examining board of practicing dentists and declaring that every person of good moral character with a diploma from a reputable dental college shall be eligible and shall have a license if he passes examination, is not to be construed as vesting power in the board to grant or withhold licenses arbitrarily. P. 167.
2. The statute indicates clearly, though not in terms, the general standard of fitness, and the character of examination required, leaving to the board to determine (1) what knowledge and skill fit one to practice dentistry, and (2) whether the applicant possesses them. P. 169.
3. Delegation of these functions to a board is consistent with the Federal Constitution. P. 170.

274 Fed. 672, reversed.

APPEAL from a decree of the District Court permanently enjoining the appellants, two prosecuting attorneys, from proceeding criminally against the appellee for practicing dentistry without a license.

*Mr. Malcolm Douglas,* with whom *Mr. L. L. Thompson,* Attorney General of the State of Washington, and *Mr. Bert C. Ross* were on the brief, for appellants.

*Mr. Cassius E. Gates,* for appellee, submitted. *Mr. Browder Brown* and *Mr. J. W. A. Nichols* were also on the brief.

Mr. Justice Brandeis delivered the opinion of the Court.

In 1893 the legislature of Washington provided that only licensed persons should practice dentistry. It vested the authority to license in a board of examiners, consisting of five practicing dentists; and it required that persons desiring to practice should apply to that board and undergo examination before it. Every person of good moral character with a diploma from a reputable dental college was declared eligible; and, if he or she passed the examination, became entitled to a license. Laws of Washington, 1893, c. 55. That statute, with amendments not here material, Laws of 1901, c. 152; has since been continuously in force. It is now embodied in Remington's 1915 Codes and Statutes of Washington, § 8412—§ 8425. The validity of the statute has been attacked on various grounds; and it has been repeatedly upheld by the highest court of the State.[1]

In 1921 Noble brought this suit in the federal court for the Western District of Washington to enjoin the King County prosecuting attorney from proceeding criminally against him for practicing dentistry without a license. Jurisdiction of that court was invoked solely on the ground that rights guaranteed plaintiff by the Federal Constitution were being invaded. The bill charged that these were violated, both because the licensing statute was void and because the board in administering it had exercised its power arbitrarily. The case was heard by three judges upon application for an interlocutory injunction

---

[1] *State ex rel. Smith* v. *Board of Dental Examiners,* 31 Wash. 492; *In re Thompson,* 36 Wash. 377, 379; *State ex rel. Brown* v. *Board of Dental Examiners,* 38 Wash. 325; *State* v. *Littooy,* 37 Wash. 693; *State ex rel. Thompson* v. *State Board of Dental Examiners,* 48 Wash. 291; *State* v. *Littooy,* 52 Wash. 87; *Brown* v. *State,* 59 Wash. 195. See also *State* v. *Brown,* 37 Wash. 97.

under § 266 of the Judicial Code. It was admitted that plaintiff was of good moral character; that he had a diploma from a reputable dental college; that he had submitted himself to the dental board for examination; that he had been examined, but had not passed the examination; and that, although refused a license, he had persisted in practicing dentistry. The board denied, by its answer, that it had acted arbitrarily in refusing a license; and this charge does not appear to have been further insisted upon.

Plaintiff rested his case solely on the claim that the statute violated the Federal Constitution. It was conceded that a State may, consistently with the Fourteenth Amendment, prescribe that only persons possessing the reasonably necessary qualifications shall practice dentistry, *Dent* v. *West Virginia,* 129 U. S. 114; and that the legislature may, if consistent with the state constitution, confer upon an administrative board the power to determine whether an applicant possesses the qualifications which the legislature has declared to be necessary. The contention is that the statute purports to confer upon the board arbitrary power to exclude applicants from the practice of dentistry and thus violates the due process clause of the Fourteenth Amendment. The District Court held the act void on that ground; and issued a permanent injunction. 274 Fed. 672. Whether it erred in so holding is the only question presented for our consideration on this appeal.

The argument is that, since the act does not state in terms what the scope and character of the examination shall be, arbitrary power is conferred upon the board to grant or withhold licenses. It is pointed out that the statute does not in terms direct that the examination shall relate to the applicant's qualifications to practice dentistry; that it does not prescribe the subjects upon which applicants shall be examined, or whether profi-

ciency shall be determined by knowledge of theory or by requiring applicants to demonstrate skill with the tools and materials of the profession; that it does not provide whether the examination shall be oral or written, or what percentages of correct answers shall be required to pass the examination; and that it does not require the keeping of records of the proceedings which could be used for purposes of review.

What authority the statute purports to confer upon the board is a question of construction. If it purported to confer arbitrary discretion to withhold a license, or to impose conditions which have no relation to the applicant's qualifications to practice dentistry, the statute would, of course, violate the due process clause of the Fourteenth Amendment. Its construction is a question of state law. Since the case is here on appeal from a federal court, we must consider it, *Davis* v. *Wallace,* 257 U. S. 478. But in passing upon such questions we follow applicable decisions of the highest court of the State. *Fallbrook Irrigation District* v. *Bradley,* 164 U. S. 112, 154. The statutory provisions involved in the present case were construed twenty years ago by the Supreme Court of Washington in *In re Thompson,* 36 Wash. 377, 379. It was insisted there that the grant of the power to hold examinations was a delegation of arbitrary legislative power to the dental examiners. The court assumed that to delegate power to make such rules was consistent with the constitution of the State; and that the statute had conferred upon the board power to make rules. It declared that the board must have adopted rules " in order to properly determine the good character of the applicant and the good standing of the college issuing his diploma, and to conduct the examinations upon subjects reasonably required in that profession." And it held that, if there was an abuse of authority, the remedy is to review, by some appropriate proceeding, the conduct of the board,

not to attack the validity of the act. Thus, the highest court of the State has construed this statute as not conferring arbitrary power upon the board in respect to the scope and character of the examination. The statute has been in force for thirty years. The correctness of the views expressed in *In re Thompson* does not appear to have been questioned by that court since. Under such circumstances, we should, even in the absence of controlling decision, decline to give the statute a construction which would render it void, unless compelled to do so by unequivocal language in the act. *Knights Templars' & Masons' Life Indemnity Co.* v. *Jarman,* 187 U. S. 197, 205. Obviously there is none of that character.

The statute provides that the examination shall be before a board of practicing dentists; that the applicant must be a graduate of a reputable dental school; and that he must be of good moral character. Thus, the general standard of fitness and the character and scope of the examination are clearly indicated. Whether the applicant possesses the qualifications inherent in that standard is a question of fact. Compare *Red " C " Oil Mfg. Co.* v. *North Carolina,* 222 U. S. 380, 394. The decision of that fact involves ordinarily the determination of two subsidiary questions of fact. The first, what the knowledge and skill is which fits one to practice the profession. The second, whether the applicant possesses that knowledge and skill. The latter finding is necessarily an individual one. The former is ordinarily one of general application. Hence, it can be embodied in rules. The legislature itself may make this finding of the facts of general application, and by embodying it in the statute make it law. When it does so, the function of the examining board is limited to determining whether the applicant complies with the requirements so declared. But the legislature need not make this general finding. To determine the subjects of which one must have knowledge in order to be fit to prac-

tice dentistry; the extent of knowledge in each subject; the degree of skill requisite; and the procedure to be followed in conducting the examination; these are matters appropriately committed to an administrative board. *Mutual Film Corporation* v. *Ohio Industrial Commission,* 236 U. S. 230, 245–6.   And a legislature may, consistently with the Federal Constitution, delegate to such board the function of determining these things, as well as the functions of determining whether the applicant complies with the detailed standard of fitness.   *Reetz* v. *Michigan,* 188 U. S. 505.   That the scope of the discretion here granted to the examining board was well within the limits allowed by the Federal Constitution, and that it is not to be presumed that powers conferred upon the administrative boards will be exercised arbitrarily, is settled by *Lieberman* v. *Van de Carr,* 199 U. S. 552.

Appellee relied upon *Yick Wo* v. *Hopkins,* 118 U. S. 356.   There the licensing board habitually exercised its power arbitrarily, and discrimination was practiced. *Seattle* v. *Gibson,* 96 Wash. 425, and *State ex rel. Makris* v. *Superior Court for Pierce County,* 113 Wash. 296, strongly relied upon by appellee, are not inconsistent with *In re Thompson.*   The ordinances involved in these later cases were construed by the state court to vest in the city officials an arbitrary discretion to grant or withhold, and to revoke, licenses.   Whether the constitution of the State permits delegation to the examining board of the power to ascertain and fix the essentials of fitness is wholly a state question.   *Welch* v. *Swasey,* 214 U. S. 91, 104; *Bradley* v. *Richmond,* 227 U. S. 477, 482.   It is not contended that the statute violates the state constitution in this respect.

*Reversed.*