[No. 21679. Department One. April 23, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. PETER CHARRIER, *Appellant*.[1]

*Edwin J. Brown*, for appellant.

*Ewing D. Colvin* and *Ralph Hammer*, for respondent.

HOLCOMB, J.—Appellant was prosecuted and convicted, in a justice of the peace court in King county, of practicing dentistry without a license. He appealed to the superior court, where he was again convicted, and now appeals to this court upon the judgment of

[1]Reported in 276 Pac. 878.

conviction in the lower court, asserting that the judgment of conviction under the dentistry act is a nullity, because the law, Laws of 1923, p. 24, §§ 1 to 23 incl. (Rem. 1927 Sup., §§ 10030-1 to 10030-23), is unconstitutional and void.

Appellant is a dental surgeon, who has practiced as such for more than fourteen continuous years in this state, and in Seattle for more than nine years. He also served as a dental surgeon in the United States army during the world war, both at home and overseas.

Appellant is not a dental graduate, and has failed to pass two dental examinations in this state under the dentistry act, *supra*. He made an application for a third examination in the manner and form required by the dentistry act, offering therewith the statutory fee, which application was rejected. This third application was based upon the theory that § 4 of the dentistry act, relating to persons who are not graduates of reputable dental colleges, but who shall have practiced dentistry without a license in this state for not less than seven years, justified his application for another examination, and that the department of licenses was required to grant it.

As grounds for reversal, appellant contends that §§ 1 to 23 of the dentistry act, *supra,* are unconstitutional, and void and ineffective to confer jurisdiction, because they confer arbitrary powers upon the board and the director of licenses; that they deny him the equal protection of the law guaranteed under Art. I, § 12, constitution of Washington and the fourteenth amendment of the Federal constitution; that, by the provisions of those sections, he is deprived of property without due process of law in violation of Art. I, § 3, Washington constitution, and amendments 5 and 14, Federal constitution; that the judgment under which

he is fined is a nullity, and the enforcement of the law an infringement of his personal and property rights and the rights of the public, under Art. 1, §§ 3, 7 and 12, state constitution, and amendments 5 and 14, Federal constitution; that they constitute class legislation; that they are unduly oppressive upon individuals; and that the court therefore erred in holding the act constitutional and rendering judgment against him.

Although the argument of appellant takes a broad range, most of the contentions made by him have been set at rest, as to the general power of the state to regulate the practice of dentistry, by many decisions in this state.

*State ex rel. Smith v. Dental Examiners,* 31 Wash. 492, 72 Pac. 110; *In re Thompson,* 36 Wash. 377, 78 Pac. 899, 2 Ann. Cas. 149; *State v. Brown,* 37 Wash. 97, 79 Pac. 635, 107 Am. St. 798, 68 L. R. A. 889; *State v. Littooy,* 37 Wash. 693, 79 Pac. 1135; *State ex rel. Brown v. Board of Dental Examiners,* 38 Wash. 325, 80 Pac. 544; *State ex rel. Thompson v. State Board of Dental Examiners,* 48 Wash. 291, 93 Pac. 515; *State v. Littooy,* 52 Wash. 87, 100 Pac. 170, 17 Ann. Cas. 292; *Brown v. State,* 59 Wash. 195, 109 Pac. 802; *State ex rel. Jordan v. Department of Licenses,* 130 Wash. 82, 226 Pac. 275.

The last cited case is also decisive of certain contentions now urged by appellant, in that, in that case it was decided that the provisions of the act prescribing the matter of qualifications to practice dentistry were valid regulations.

In another case, *State ex rel. Medcraf v. Department of Licenses,* 127 Wash. 469, 221 Pac. 613, in which this appellant was one of the relators, we decided that the act in question recognizes three classes of persons entitled to license under its provisions: first, those already licensed to practice under the then existing

laws of the state; second, those who desired to engage in the practice of dentistry for the first time; and, third, those who had, for seven years theretofore, practiced dentistry in the state without a license. We there held also that it was within the constitutional power of the legislature to prescribe the qualifications of dental practitioners and to vest in the administrative board or person exclusive authority to pass upon the same, and that the act is not unconstitutional in that it requires an examining board to report the result of its examination to the director of licenses, who may determine therefrom whether an applicant is qualified, so long as the director does not act dishonestly, arbitrarily, or without due consideration.

 Respecting the contention of appellant that he was entitled to an additional examination under § 4 of the dentistry act, he is certainly foreclosed by the decision in the *Medcraf* case, *supra*. Nor is it any objection to the law that no more than two dental examinations are permitted under the act and that persons falling within the category of appellant, of practitioners without a license in this state for more than seven years, are deprived of something to which they are entitled under the state and Federal constitutions, and therefore deprived of rights and property without due process of law.

In the two decisions last cited by this court, we might have gone further and held, as other courts have held, that the legislature had the power, as under the acts regulating the practice of medicine and surgery, to have also made a similar standard in legislation regulating the practice of dentistry, limiting admission to practice dentistry to those alone who had graduated from a standard dental college. *Ex parte Whitley,* 144 Cal. 167, 77 Pac. 879; *People v. Ratledge,* 172 Cal. 401, 156 Pac. 455; *State v. Graves,* 161 Minn.

422, 201 N. W. 933; *Dent v. State of West Virginia,* 129 U. S. 114.

The last cited case and the case of *Douglas v. Noble,* 261 U. S. 165, are also decisive of the contentions made by appellant that our act is contrary to the fifth and fourteenth amendments to the Federal constitution. Reference is made to the opinions in those cases without lengthy quotations herein for the discussion of the points urged by appellant.

■ Appellant urges twelve argumentative objections to § 13 of the act, respecting admission of dentists licensed to practice in other states having reciprocal conditions applicable to dentists admitted in this state.

The alleged defects and inequalities contained in § 13 are of no concern to appellant for he is not one affected thereby and not entitled to raise objections pertaining thereto.

■ Appellant also contends that the action of the board in denying him a license upon his second examination was arbitrary. This is based principally upon some evidence introduced in the trial court to the effect that a certain witness had heard a conversation in a hotel in Olympia, after the examination was concluded, in which the witness said that he heard one of the members of the examining board state that "anybody working for Bolshevik Brown would never get a license from the board." The trial court let it go in for what it was worth, although not deeming it material. Neither do we deem it pertinent or material. At best it was no more than a collateral attack upon the action of the board.

■ Under another statutory provision, appellant had the right to appeal to the superior court of Thurston county, Rem. Comp. Stat., § 10864, and did not. Had he appealed and satisfied the court that he was entitled

to a license, notwithstanding the action of the board in denying the license, the court would have ordered a license issued. *In re Littlefield,* 61 Wash. 150, 112 Pac. 234. See, also, *Brein v. Connecticut Eclectic Examining Board,* 103 Conn. 65, 130 Atl. 289; *People v. Ratledge, supra.*

After carefully considering all the contentions of appellant, we are satisfied that the dentistry act of 1923 is consistent with both Federal and state constitutions.

The judgment is affirmed.

MITCHELL, C. J., TOLMAN, FULLERTON, and BEALS, JJ., concur.