[No. 18390. Department Two. December 14, 1923.]

THE STATE OF WASHINGTON, *on the Relation of Francis Steven Medcraf et al.*, Plaintiff, v. THE DEPARTMENT OF LICENSES, *Fred J. Dibble, Director*, Respondent.[1]

PHYSICIANS AND SURGEONS (4, 4-1)—REGULATION—DENTISTS—APPLICATION FOR LICENSE—QUALIFICATIONS—STATUTES—CONSTRUCTION. Rem. 1923 Sup., § 10030-4, of the dental act, which embraces three classes, viz.; those already licensed, those who are graduates of dental colleges; and those who have practiced in this state without a license for seven years; and providing that the third class shall "be entitled to all the rights and privileges accorded to those possessing said educational qualifications," was not intended to give the third class the right to examination at any time; in view of the further provision in said section that applications by members of that class must be made within six months after passage of the act; hence applicants who have twice been examined and failed on application made within such six months, have exhausted their rights and are not entitled to file another application thereafter (PEMBERTON, J., dissents).

Application filed in the supreme court December 5, 1923, for a writ of mandamus to compel the department of licenses to accept applications for licenses to practice dentistry. Denied.

*Adam Beeler* and *Oakley & Thompson*, for appellant.

*The Attorney General* and *R. G. Sharpe, Assistant*, for respondent.

MITCHELL, J.—The last legislature enacted what appears to be a full and complete law regulating the practice of dentistry. Laws 1923, ch. 16, p. 24 [Rem. 1923 Sup., § 10030-1]. The effective date of the law was February 20, 1923. The definition of the practice, found in § 1 of the act, is much more comprehensive than that formerly existing as found in § 10038, Rem.

[1]Reported in 221 Pac. 613.

Comp. Stat. The relators, Francis Steven Medcraf, John F. Jordan, F. H. Hanna, J. Brown, Jr., Peter F. Charrier, James T. Davis, William H. Esalhorst, Elmer E. Spaulding and Fredric C. Wyatt, have instituted this action in mandamus against the department of licenses of the state, Fred J. Dibble, director, to compel the acceptance of an application of each of the relators for a license to practice dentistry. In substance, the petition here alleges that none of the relators is a graduate of a dental college, that each is a person of good moral character, and that each practiced dentistry in this state more than seven years prior to the law of 1923. It is further alleged that, within six months from the effective date of the act, each of the relators filed his application to procure a license to practice dentistry, accompanied with the statutory fee of $25, and that in each case the application showed that the one making it was a person of good moral character, not a graduate of a reputable dental college as defined by the act, and that each had practiced dentistry without a license in this state for more than seven years, and that each application was accepted and filed in the office of the director of licenses. That thereafter each applicant appeared before the state board of dental examiners for examination, and having failed therein, he thereafter appeared and took a second examination under his application, and again failed to pass a successful examination.

It is further alleged that, on December 1, 1923, each of the relators again tendered to the department an application for a license, together with the fee of $25, and with it an affidavit showing his former application that had been made within the six months fixed by the statute; and that in each instance the director of licenses returned the last application and fee and refused to file the same because the application in each

instance did not show that the applicant was a graduate of a dental college.

The case is controlled by certain provisions of the act. Section 1, as already mentioned, defines the practice of dentistry. Section 2 [Rem. 1923 Sup., § 10030-2], provides the penalty for practicing dentistry without a license. Section 3 provides:

"In order to procure a license to practice dentistry in the State of Washington, the applicant for such license shall file his application in the manner provided by law, on forms furnished by the Director of Licenses, and shall state therein his name, age, place of residence, nationality, the name of the school or schools attended by such applicant, the period of such attendance and the date of his graduation, if said applicant is a graduate from such school or schools. Said application shall be signed by the applicant and sworn to by him before some person authorized to administer oaths, and shall be accompanied by testimonials of the applicant's moral character and proof of his school attendance and graduation. Each applicant shall pay a fee of twenty-five dollars ($25.00), which shall accompany his application." [Rem. 1923 Sup., § 10030-3.]

Section 4 provides:

"Each applicant must be at least twenty-one years of age, of good moral character, and must be a graduate of a reputable dental college as defined by this act. Any person of good moral character who does not possess said educational qualifications who shall have practiced dentistry without a license in the State of Washington for not less than seven years prior to the date when this act shall take effect may apply for dental license under section three of this act and thereupon said applicant shall be entitled to all the rights and privileges accorded to those possessing said educational qualifications. Said application must be made within six months after this act shall take effect." [Rem. 1923 Sup., § 10030-4.]

Section 5 [Rem. 1923 Sup., § 10030-5], defines a reputable dental college. Section 6 [Rem. 1923 Sup., § 10030-6], requires each applicant to be present for examination at the first or second examination after his application shall have been filed. Section 7 provides:

"Examination shall be conducted in the English language and shall be divided as follows:

"1. An examination in writing by the examining committee in the following dental subjects as taught in reputable dental colleges, to wit: Anatomy, chemistry, physiology, histology, materia medica, therapeutics, metallurgy, pathology, bacteriology, operative dentistry, prosthetic dentistry, crown and bridge work, orthodontia, oral surgery and hygiene. Examinations in each subject shall consist of ten questions, answers to which shall be marked upon a scale of zero to ten.

"2. A practical or clinical examination in operative dentistry.

"3. A practical or clinical examination in prosthetic dentistry.

"All applicants for dental license, except as hereinafter provided, shall be examined in all three of the divisions enumerated above.

"Applicants who do not possess a high school or dental college education but who shall have practiced dentistry in the State of Washington for not less than seven years prior to the date when this act shall take effect, shall not be required to take the oral or written examination provided for in this section but shall undergo a practical or clinical examination in operative and prosthetic dentistry: *Provided, however,* That time spent by such applicant in the Medical Department Dental Corps of the army, navy or marine corps of the United States during the World War, shall for the purpose of this act, be considered time spent in the actual practice of dentistry in this state." [Rem. 1923 Sup., § 10030-7.]

Section 8 [Rem. 1923 Sup., § 10030-8], provides for the grading of the examinations. Section 9 provides:

"Any applicant who shall fail to make the required grade in his first examination shall be entitled to a second examination before the expiration of one year at a time to be appointed by the Director of Licenses, and no fee shall be required for said second examination." [Rem. 1923 Sup., § 10030-9.]

There are subsequent sections that relate to the registration of present licensed practitioners and the payment of annual license fees by all who are admitted to practice, and many other sections dealing generally with the subject of the practice, that have no bearing on the question in this case.

The act embraces three classes of persons, namely, those already licensed to practice, graduates of some reputable dental college who in the future should apply for licenses, and those of good moral character without such educational qualifications who have been practicing dentistry without a license in this state for not less than seven years. As to those who should be admitted to practice subsequent to the date of the act, it is the manifest policy of the law that generally they shall be graduates of some reputable dental college, but, upon consideration of those who had practiced without a license in this state for not less than seven years, it was determined that they should have an opportunity to procure licenses to practice. As to graduates of dental schools, they should be entitled to make applications, this year, next year, or thereafter as they graduated and desired to enter the practice, while as to those who without licenses had been practicing for not less than seven years, they were required to make their applications within six months from the date of the act. Such clearly is the meaning of § 4 of the law.

The relators accepted the right and opportunity given by the act, filed their applications within six

months, and took two unsuccessful examinations before the expiration of one year. That exhausted all the rights given to persons of that class by the act. The provision in § 9 that an applicant who fails in his first examination shall be entitled to a second examination before the expiration of one year, at a time to be appointed by the director of licenses, does not authorize the filing of a second application, although within one year, if the applicant has theretofore had two examinations on an application filed within the six months' period after the law became effective, but, on the contrary it means what it says, that an applicant who fails in the first examination shall be entitled to a second one, which is in no manner inconsistent with § 4 of the act requiring persons of the class to which relators belong to file their applications within six months from the date of the law.

Our attention is directed by the relators to the provision in § 4 of the act that those of the class to which the relators belong, upon applying for dental licenses, shall thereupon "be entitled to all the rights and privileges accorded to those possessing said educational qualifications." Upon consideration of the whole act, however, we find nothing in the particular language quoted to justify the contention of the relators. It means that such an applicant, excused from a written examination in a large number of enumerated dental subjects taught in reputable dental colleges, shall have the opportunity to be examined within the time provided by the law, and shall be justly and fairly treated as to details upon his being examined in clinical and prosthetic dentistry, to which only he is subjected; that he shall have the right to not necessarily present himself at the first examination, as is permitted or contemplated by § 6 of the act; and that, if he fails upon the first examination, he shall be entitled to a

second one, provided he take the second one before the expiration of one year. If it had been the intention of the legislature to allow such a person to make a second application after two failures in examinations upon his application filed within six months, it could, and doubtless would, have said so. On the contrary, the legislature provided what it considered sufficient opportunity for those who had been practicing without a license to qualify or show that they should be regularly licensed to practice, and the relators, failing in that, are without any further right in the matter, and are not again entitled to file an application and take an examination unless and until they become graduates of some reputable dental college. This we understand was the holding of the director of licenses.

The alternative writ heretofore issued in this case is set aside and the action is dismissed.

MAIN, C. J., FULLERTON, and BRIDGES, JJ., concur.
PEMBERTON, J., dissents.