Raymond Thompson, Plaintiff-Appellant, v. J. Albert Roberts et al., as Members of Board of Fire and Police Commissioners of City of Paris, County of Edgar, State of Illinois; Horace Lawler et al., as Mayor and City Commissioners of City of Paris, County of Edgar, State of Illinois, Defendants-Appellees.

Gen. No. 10,027.

Third District.

February 14, 1956.

Rehearing denied March 14, 1956.

Released for publication March 14, 1956.

J. L. Sullivan, of Paris, for appellant.

Hartman Schwartz, and Robert I. Trogdon, both of Paris, for appellees.

PRESIDING JUSTICE HIBBS delivered the opinion of the court.

Plaintiff, Raymond A. Thompson, was appointed a member of the fire department of the City of Paris, Illinois on December 1, 1950. On August 10, 1953 the size of the department was reduced and plaintiff was laid off and placed on the reinstatement list. Plaintiff is aggrieved because another member of the force who was employed by the department on the same date as he was not laid off. It appears that the latter fireman had previously served on the force from August 29, 1947 to May 1, 1950. Plaintiff, claiming that the rules of Board of Fire and Police Commissioners of the City of Paris had been violated, filed his petition for a writ of mandamus in the Circuit Court of Edgar County on September 8, 1953 against the Fire and Police Commissioners, the Mayor and the City Commissioners of the City of Paris. This petition was stricken on defendants' motion on November 21, 1953. On December 28, 1953 plaintiff filed an amended complaint which realleged as Count I the original petition for mandamus and added Count II which prayed for judicial review of the decision of the Board of Fire and Police Commissioners, under the Administrative Review Act. Defendants thereafter filed a motion to strike the amended complaint and in addition an answer thereto. On January 21, 1955 the Circuit Court denied plaintiff's petition for mandamus and for review under the Administrative Review Act. Plaintiff has appealed to this court.

The Circuit Court in a memorandum opinion found that the original petition for mandamus in this matter should be dismissed because plaintiff's remedy was

94

under the Administrative Review Act. Par. 14—11 of the Cities and Villages Act, Ill. Rev. Stat. 1953, Chap. 24 [Jones Ill. Stats. Ann. 21.1377], provides that the Administrative Review Act and the rules adopted pursuant thereto "shall apply to and govern all proceedings for the judicial review of final administrative decisions of the board of fire and police commissioners" providing for the removal or discharge of a member of either department. Section 2 of the Administrative Review Act, Ill. Rev. Stat. 1953, Chap. 110, Par. 265 [Jones Ill. Stats. Ann. 104.094(2)] provides that with respect to cases coming within the scope of the act "any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not be employed . . ."

To the extent that mandamus is an available remedy, it could be described as a "mode of review" within the terms of Section 2 of the Administrative Review Act which "shall not be employed" in those cases coming within the terms of that Act. The Supreme Court has held that the power of the court in a proceeding under this Act is confined to affirming or reversing the decision of the administrative agency or remanding the cause for the taking of additional evidence. "There is no provision for the joinder of a mandamus action for the restoration to the position and an action for back wages." (Drezner v. Civil Service Commission, 398 Ill. 219 at p. 232.)

■ ■ More important, however, is the fact that here the decision of the Board in question was based upon an exercise of administrative discretion. In such cases mandamus has never been available to control the exercise of that discretion unless it has been abused. (People ex rel. Jones v. Webb, 256 Ill. 364; People ex rel. Elmore v. Allman, 382 Ill. 156.) We believe the Circuit Court properly dismissed plaintiff's original petition and Count I of his amended petition, both of which sought a writ of mandamus.

█ One question remains—whether the Circuit Court should have affirmed the action of the Board of Fire and Police Commissioners. The Circuit Court found that that Board was vested with a choice of laying off one of two firemen of equal rank who were hired on the same day. It chose to retain the one who had prior service in the department. We believe this was a sufficient reason to justify the Board's choice. Certainly there is no proof that the Board acted arbitrarily or from corrupt motives or that the finding of the Board was contrary to the manifest weight of the evidence. We therefore believe that the Circuit Court of Edgar County properly affirmed the action of the Board.

Judgment affirmed.