326 P.2d 358

STATE BOARD OF TECHNICAL REGISTRATION, Appellants,

v.

Donald Burns BAUER, Appellee.

No. 6532.

Supreme Court of Arizona.

May 28, 1958.

Rehearing Denied June 24, 1958.

238

Robert Morrison, Atty. Gen., and Robert G. Mooreman, Sp. Asst. Atty. Gen., for appellants.

Botsford & Turner, Scottsdale, for appellee.

UDALL, Chief Justice.

This is an appeal from a judgment of the superior court ordering a peremptory writ of mandamus to issue to appellant-State Board of Technical Registration. Therein said Board was directed to issue to appellee-Donald Burns Bauer a certificate of registration authorizing him to practice the profession of architecture.

A motion for stay of execution was denied, the writ issued, and pursuant thereto the Board issued to appellee a specially printed certificate of registration. Thereafter an order was obtained by appellee for the Board to appear and show cause why they should not be held in contempt on the ground issuance of the specially printed certificate was not compliance with the directives of the writ. After a hearing, the order to show cause was quashed and a notice of cross-appeal therefrom was filed. Herein the parties will be referred to as appellant or Board and as appellee. The statute A.R.S. §§ 32–101 to 32–145, inclusive, under which this action was brought, will be referred to as the Act.

The record discloses appellee requested of the Board the necessary forms upon which to file his application for registration to practice architecture. These forms were mailed to him. The application was filled out and mailed by appellee and received and handled routinely by the Board. Thereafter appellee was notified he was "to

be held for a written examination in architecture", the same to be given three months hence.

Appellee advised the Board he refused to take the examination for the reason that the credentials submitted by him fully met the statutory requirements for registration, i. e., he was entitled to a waiver of examination upon his record "of having engaged in architectural work for the last 16 years."

The Board notified appellee that their original decision still stood and they would notify him two weeks prior to the examination. Thereafter he filed a complaint in superior court praying for a peremptory writ of mandamus, with the result heretofore stated. At the court hearing it was stipulated by the parties that if appellee had successfully completed the examination the Board would have issued him a certificate of registration.

This is a companion case to State Board of Technical Registration v. McDaniel, 84 Ariz. 223, 326 P.2d 348 and State of Arizona v. Beadle, 84 Ariz. 217, 326 P.2d 344. All three cases were consolidated for oral argument as they each involve some phase of the Technical Registration Act. We shall, therefore, refrain from repeating any pronouncements made in the other decisions that are pertinent and applicable to similar questions presented in this case.

The trial court was faced with alternative counts in the complaint, it being alleged that: (1) the Board abused its discretion in refusing to issue the certificate, and (2) if the statute was broad enough to permit the Board to so act then the Act was unconstitutional in that it denied due process and was an unlawful delegation of legislative power. The court below necessarily found the Act constitutional in ordering the Board to issue the certificate "as required by law". Appellee seems satisfied to rest on this finding as he states in his brief:

"The Superior Court having impaled the Board upon the abuse-of-discretion horn, we need not examine the effect of the alternative (constitutional) proposition." (Parenthetical expression supplied.)

Hence there being no contention that the Act is unconstitutional, we will not decide such issue. County of Maricopa v. Anderson, 81 Ariz. 339, 306 P.2d 268.

We first consider whether the trial court erred, as a matter of law, in determining that mandamus was the proper remedy. It is well settled in this jurisdiction, by statute and court decisions interpreting same, that mandamus will only lie to compel the performance of a ministerial act *which the law specially imposes as a duty resulting from an office, when there is no plain, speedy and adequate remedy at law.* A.R.S. § 12–2021; Earhart v. Frohmiller, 65 Ariz. 221, 178 P.2d 436; Adams v. Bolin,

77 Ariz. 316, 271 P.2d 472. In Graham v. Moore, 56 Ariz. 106, 105 P.2d 962, it was held that mandamus is an extraordinary and expeditious legal remedy which proceeds on the assumption that the applicant has an immediate and complete legal right to the thing demanded.

Whether appellee had an immediate and complete legal right to the certificate demanded depends upon the answer to the following question, viz.:

"Did the Board have discretion in their review of appellee's qualifications so as to require that he take the written examination, and if so, is there shown an abuse of this discretion?"

A.R.S. § 32–106 enumerates the powers and duties of the Board. Subsection A, par. 3 states: "The board shall: * * * Consider and pass upon applications for registration." Section 32–106, subd. D authorizes payment to full-time employees for preparation and grading of examinations. Section 32–123 states:

"A. A person desiring to practice architecture, assaying, engineering, geology, or land surveying shall make application for registration on a form prescribed by the board, subscribed under oath and accompanied by the registration fee. If the evidence submitted satisfies the board that the applicant is fully qualified to practice the profession for which registration is asked, it shall give him a certificate of registration, signed by the chairman and secretary and attested by the official seal.

"B. If in the judgment of the board the applicant has not furnished satisfactory evidence of qualifications for registration, it may require additional data, or may require the applicant to submit to an oral or written examination. * * *."

Section 32–126 provides for registration without examination of applicants who hold valid and subsisting certificates from other states or countries whose requirements for registration are *satisfactory to the Board,* or who hold a national registration.

The Board has implemented these statutory provisions by providing in their by-laws (as authorized by section 32–106) for "Rules and regulations governing applications and examinations." By-laws, Section IV, subsection 8, "Examinations", provides:

"Written examinations shall be prepared by staff members of the Colleges of Engineering and Mines of the University of Arizona and/or qualified professional architects and engineers."

Rule III, adopted by the Board in November 1954, requires an examination of all architectural applicants who do not have a degree from an accredited institution. This examination may be waived when an applicant, in the Board's opinion, has a proven experience record of an unusual and com-

prehensive quality. The rule then states, in general, the subjects to be covered in the examination.

At a meeting held December 15, 1956, the Board took action on nineteen applications. Nine applicants, who were registered in other states by written examination or who had national registration, were granted registration here. One applicant "not registered" elsewhere was granted registration, subject to a comprehensive personal audience. This was based on an experience record of over 28 years. The other nine applicants (appellee being one of them) were either not registered or were registered in states whose requirements were not satisfactory to the Board. These applicants were either denied registration for lack of experience or were held for written examination.

■■■■ We hold the legislature did set up sufficient standards for the Board to follow in passing on the applications before them. The rules established and followed are well within those bounds and this discretion, vested in the Board by the legislature, was not abused in the instant case.

Appellee did, by his experience and schooling, earn the right to take the examination. We fail to see wherein the Board has abused its discretion in so evaluating appellee's record. It is this discretion,

granted to the Board, that distinguishes this case from State Board of Barber Examiners v. Walker, 67 Ariz. 156, 192 P.2d 723, relied on by appellee.

■■ The court may not by mandamus invade the discretionary power of an administrative board unless it clearly appears that in its exercise it has been guilty of an abuse thereof. Chesley v. Jones, 81 Ariz. 1, 299 P.2d 179; Brown v. City of Phoenix, 77 Ariz. 368, 272 P.2d 358; Peters v. Frye, 71 Ariz. 30, 223 P.2d 176.

We next consider whether appellee had a plain, speedy and adequate remedy by appeal under the Administrative Review Act, A.R.S. § 12–901 et seq. The issue presented to the Board was not complex and the facts were not in dispute. The appellee was either entitled as a matter of law to a license to practice without examination or he was not.

The appellee urges he had no right of appeal as the Board's action was not a final determination from which an appeal would lie. He also urges if it were a final determination appeal would not be an adequate remedy as the superior court could only "modify, affirm or reverse the decision in whole or in part" under A.R.S. § 12–911, subd. 5. He argues that as there was no hearing before the Board there was nothing to reverse and he would therefore have no

242

adequate remedy available to him on appeal.

 We cannot agree with these contentions. The Board's decision that an examination was required was final as to this matter. This was sufficient to authorize an appeal. On appeal the superior court could either direct the license to issue or it would refuse to do so and thus relegate him back to the Board for an examination. It is our view that an appeal was his proper remedy and hence, as a matter of law, the writ should not have issued in the first instance. See, Thompson v. Roberts, 9 Ill. App.2d 93, 132 N.E.2d 422.

To permit appellee to by-pass or circumvent the jurisdiction of the Board, as was done in the instant case, not only sets a bad precedent but invalidates, in part at least, the Administrative Review Act recently passed by the legislature which safeguards the rights of litigants appearing before such administrative bodies.

For the reasons heretofore stated the judgment is reversed with directions to quash the peremptory writ of mandamus and dismiss plaintiff's complaint. The special certificate of registration issued pursuant thereto is declared to be void. While the cross-appeal is made moot by our decision on the main issues presented, we do agree with appellee that there is no statutory authority for the Board to issue a special certificate of registration such as was attempted in the instant case.

Judgment reversed with directions.

WINDES, PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.