326 P.2d 344

The STATE of Arizona, Plaintiff,

v.

Alfred N. BEADLE, Defendant.

No. 1107.

Supreme Court of Arizona.

May 28, 1958.

Rehearing Denied June 24, 1958.

Robert Morrison, Atty. Gen., and Robert G. Mooreman, Sp. Asst. Atty. Gen., for plaintiff.

Snell & Wilmer, Phoenix, by Frederick K. Steiner, Jr., Phoenix, for defendant.

UDALL, Chief Justice.

Defendant, Alfred N. Beadle, was charged by a direct information filed by the County Attorney of Maricopa County with two misdemeanors, allegedly committed on or about March 9, 1956, viz.: count No. 1, practicing as an architect without registration, and count No. 2, practicing as an engineer without registration, both in violation of section 67–1823, A.C.A.1939 (now A.R.S. § 32–145). Upon various legal grounds the defendant moved to quash the information. Before a ruling was made thereon the trial court, pursuant to Rule 346, Rules of Criminal Procedure, and with the consent of defendant and the county attorney, certified six questions of law relative to the Technical Registration Act of 1935 (A.R.S. Title 32, Ch. 1). These questions, in the opinion of the trial court, were "* * * sufficiently doubtful and important to require the decision * * *" of this court before proceeding to a trial of the case.

For the purpose of certification the parties have stipulated that a trial of this action would show certain facts. The pertinent portion of that stipulation follows:

"4. That the State of Arizona contends, and for the purposes of this stipulation and certification the parties assume as true, that the evidence upon the trial of this action would show that the defendant, Alfred N. Beadle, without representing or holding himself out to be registered as an architect or as an engineer under the Technical Registration Act of 1935, and without designating himself as an 'Architect' or as an 'Engineer', and without being understood to be such by any customer of defendant or by any member of the public, designed for the owners thereof the building described in the information, to wit: a motor hotel costing in excess of Ten Thousand Dollars ($10,000.00) at 4670 Scottsdale Road, Maricopa County, Arizona, said design being made with reference only to the elements of convenience, utility, cost and aesthetic proportion of said building; and, to the extent necessary to embody said elements of design, said defendant prepared drawings and designated materials and elements of construction for the same, but did not design, represent, sell, or contribute any service with respect to the soundness or safety of said building. That at all times said defendant was not registered as an architect or as an engineer, and was not within any class of persons exempted from the application of the Act, as such are set forth in A.R.S. section 32–144 or section 67–1818, A.C.A."

This is a companion case to State Board of Technical Registration v. McDaniel, 84 Ariz. 223, 326 P.2d 348, and State Board of Technical Registration v. Bauer, 84

Ariz. 237, 326 P.2d 358 (hereinafter referred to as McDaniel or Bauer). All three cases were consolidated for oral argument as each involves some phase of the Technical Registration Act. We shall, therefore, refrain from repeating any pronouncements made in the other decisions that are pertinent and applicable to similar questions presented here.

The penal provisions of the Technical Registration Act of 1935 are found in section 67–1823, A.C.A.1939 (now A.R.S. § 32–145). There being no material difference in the two sections we will quote from and refer to A.R.S. § 32–145. The pertinent portions of that section read as follows:

"Any person who commits any of the following acts is guilty of a misdemeanor:

"1. Practices, offers to practice or by any implication holds himself out as qualified to practice as an architect, assayer, engineer, * * * who is not registered as provided by this chapter.

"2. Advertises or displays a card, sign or other device which may indicate to the public that he is an architect, assayer, engineer, * * * or is qualified to practice as such, who is not registered as provided by this chapter.

"3. Assumes the title of engineer, architect, * * * or uses or attempts to use as his own a certificate of registration of another, or uses or attempts to use an expired or revoked certificate of registration.

"4. * * *

"5. Otherwise violating any provision of this chapter. * * *."

The six certified questions will be stated and answered in the order presented to us. The parties will be referred to as the State and defendant. The Technical Registration Act will be referred to as the Act.

### Question One

Is fraud or misrepresentation by the accused, express or to be inferred from conduct, that the accused is a registrant under the Act, or that the accused is otherwise licensed, registered, or that his qualifications have been passed upon, by an agency of the State of Arizona, an essential element of an offense under A.R.S. section 32–145 or section 67–1823, A.C.A.?

■ Section 32–145 makes it a violation of the Act if one, inter alia, (a) practices; or (b) offers to practice; or (c) holds oneself out as qualified to practice; or (d) advertises he is qualified to practice; or (e) assumes the title of a profession in which he is not qualified. By the very wording of the Act fraud or misrepresentation are

not made essential elements of an offense under the above section and therefore this question is answered in the negative.

## Question Two

Is A.R.S. section 32–145 or section 67–1823, A.C.A. unconstitutional under Amendment 14 of the Constitution of the United States or under Article II, section 4 of the Constitution of the State of Arizona, for the reason that, as criminal statutes, they are vague, indefinite and uncertain, permitting citizens to act upon one conception of their meaning and courts upon another, specifically in that

(a) The sections are ambiguous as to whether misrepresentation is or is not an essential element of an offense under the sections? or

(b) The sections in prohibiting practice "as an architect" by a non-registrant, do not establish a sufficiently definite standard for members of the public to determine the acts prohibited by the sections, particularly in view of the definition of the word "architect" contained in A.R.S. section 32–101, or in section 67–1802, A.C.A.? or

(c) The sections, in prohibiting practice "as an engineer" by a non-registrant, do not establish a sufficiently definite standard for members of the public to determine the acts prohibited by the sections, particularly in view of

the definition of the word "engineer" contained in A.R.S. section 32–101 or section 67–1802, A.C.A.?

 This question is answered no. For (a) see the answer to question one, supra. For (b) and (c) see the McDaniel case, supra. The definitions in A.R.S. § 32–101 are different from those in section 67–1802, A.C.A.1939, but for the reasons stated in the McDaniel case we hold they are sufficient.

## Question Three

Is a citizen who is not a registrant under the Act and is not a member of any class exempted from the application of the Act, subject to prosecution under A.R.S. section 32–145 or section 67–1823, A.C.A., if such citizen, without representing himself to be a registrant or an architect or an engineer, designs for another a structure with respect to the elements of convenience, utility, cost and aesthetic proportion of such structure and to the extent necessary to embody such elements of design, prepares drawings and designates materials and elements of construction, but who does not design, represent, sell or contribute any service with respect to the soundness or safety of such structure?

 The purpose of an Act, promulgated under the State's police power, is to protect the public health, safety or wel-

fare. Where police regulation is unconnected with its avowed purpose it is stricken down as depriving the party of a property right without due process. Edwards v. State Board of Barber Examiners, 72 Ariz. 108, 231 P.2d 450; Buehman v. Bechtel, 57 Ariz. 363, 114 P.2d 227, 134 A.L.R. 1374; Atchison, T. & S. F. Ry. Co. v. State, 33 Ariz. 440, 265 P. 602, 58 A.L.R. 563.

This question was presented to the Supreme Court of the State of Tennessee in the case of State Board of Examiners v. Rodgers, 167 Tenn. 374, 69 S.W.2d 1093. Therein:

> "The defendant characterizes his business as that of a decorator and designer. His work and talent, as he describes them, are more nearly those of an artist than of a builder of structures. His interest is in the realm of aesthetics."

The court said:

> "The practice of architecture necessarily includes the designing and drawing of plans for buildings, and, since the defendant admits that he draws and furnishes building plans, his business is in clear violation of the statute, unless saved by its exceptions."

■ The inclusion of design, insofar as it bears relation to the safety of the structure, regardless of the designer's assumption of responsibility therefor, is one of the primary objects of protection furnished by the statute. A person who designs buildings cannot escape the necessary responsibility therefor by merely declining to assure the safety of the structure when it is constructed according to his plans. He is practicing architecture and as such must be registered. This is contemplated by the Act. See, A.R.S. § 32–101, subd. 2 and § 32–144, subds. 4 and 5. Section 67–1802(b) and section 67–1818 (e) and (f), A.C.A.1939. The answer to this question is yes.

### Questions Four and Five

Does the Act too broadly and too unjustly purport to exercise the state's police power to be constitutional?

The parties have paraphrased questions four and five into one, as above stated. We will so treat them.

■ We have stated in question three that design is connected with the public health, welfare and safety, and as such is subject to regulation. It must necessarily follow that designers performing architectural services are subject to regulation. It is urged this regulation creates a monopoly in the registrants and that qualifications for registration are unrelated to the purpose of regulation. The qualifications in question have been established under a valid exercise of the police power vested in the state. That a limited number of persons do thereby practice is not unlawful, for registration is open to all who

qualify. There is no discriminatory favoritism or monopoly created by the Act. There must appear an obvious and real connection between the conduct regulated and the purpose of the Act. There appears this connection between architectural design, and construction in accordance therewith, and the regulation of architectural designers. The answer to both of these questions is no.

The final question (No. 6) certified to us for an answer, is substantially as follows:

Is the Act, and in particular the penal provisions of A.R.S. section 32–145, unconstitutional under Art. III and Art. IV, Pt. 1, section 1, of the Constitution of Arizona, for the reason that said Act constitutes an unlawful delegation of legislative power to an administrative board?

Defendant makes practically the same contentions and cites the same authority relied upon by appellees in the McDaniel and Bauer cases, supra. It is our view that the contentions made here are fully answered by the decisions rendered in the last named cases. The Attorney General has cited in support of the Board's position these additional cases—not elsewhere cited—that are in point and support the constitutionality of our Act as against the attack here asserted, viz.: Clayton v. Bennett, 5 Utah 2d 152, 298 P.2d 531; Douglas v. Noble, 261 U.S. 165, 43 S.Ct. 303, 67 L.Ed. 590, and Janeway v. State Board of Chiropractic Examiners, 33 Tenn.App. 280, 231 S.W.2d 584. Our answer to the above question is "No".

Summarizing: Questions numbered 1, 2, 4, 5 and 6 are answered in the negative; question numbered 3 is answered in the affirmative.

WINDES, PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.