373 P.2d 348

Allen H. RHODES, Registrar of Contractors, State of Arizona, Appellant,

v.

Doyle Lee CLARK, d/b/a Clark Dry Wall, Appellee.

No. 7626.

Supreme Court of Arizona.

En Banc.

July 13, 1962.

Robert W. Pickrell, Atty. Gen., Alvin E. Larson, Asst. Atty. Gen., John P. Frank, Monroe McKay, Sp. Asst. Attys. Gen., Phoenix, for appellant.

Vanlandingham & Stoneman, Phoenix, for appellee.

LOCKWOOD, Justice.

This is an appeal by Allen H. Rhodes, Arizona State Registrar of Contractors, from a writ of mandamus issued by the trial court directing said Registrar to issue a dry wall contracting license to appellee Doyle Lee Clark d/b/a Clark Dry Wall.

On January 30, 1962 Clark filed with the Registrar an application for a C–10 dry wall license and thereafter, as required by A.R.S. § 32–1122 (1956), he passed an examination, paid a fee and filed a bond. The Registrar thereupon posted notice of the application pursuant to Rule 34A of the Registrar's Rules and Regulations.[1] On February 28, the twenty-second day after posting, one Jalvia W. Hunsinger filed a complaint with the Registrar asserting that Clark had done "contract work prior to the issuance of his license" thereby not fulfilling one of the requirements of A.R.S. § 32–1122, subd. B, to wit:

"To obtain a license under this chapter, the applicant shall * * * meet the following requirements: * * *

"3. He * * * shall not have engaged in the contracting business

---

1. "When an applicant has filed a complete application approved by the Registrar or his authorized representative, and has tendered the required application fee and has successfully passed any required examination, the name and address and of- ficial capacity of all persons associated with applicant who have signed the application, shall be publicly posted in the place and manner to be prescribed by the Registrar for a period of not less than twenty (20) days commencing on the day

without obtaining a license as required by this chapter within one year prior to making the application." [2]

Clark answered objecting to the timeliness of the complaint and denying the allegations therein. A hearing was held March 8 before the Deputy Registrar, but no decision regarding the application having been reached by March 12, Clark petitioned the superior court for a writ of mandamus. An alternative writ was issued March 12, whereupon the Registrar set March 16 as the date for a second hearing on the application and obtained an ex parte order postponing the return date of the writ until after such hearing. The hearing was held March 16, and on March 30, sixty days after Clark had made application, the Registrar issued an order denying the license.

On April 10 the court held a hearing on the Registrar's motion to quash the alternative writ of mandamus and on the order to show cause. On April 27 a peremptory writ was issued but the Registrar still refused to issue the license, and on May 2, the court ordered a stay of execution of the writ pending argument on a motion for stay on appeal. After a hearing on May 7, the formal judgment was entered whereby the peremptory writ of mandamus was issued requiring the Registrar to issue a contractor's license to Clark but a stay thereof was granted through May 29. On the same day notice of appeal from the judgment was filed by the Registrar and, after hearing informal arguments on May 29, we accelerated the appeal and continued the stay of execution of the writ pending our disposition of the matter.

The Registrar contends that the trial court erred in not dismissing the petition for a writ of mandamus because the Administrative Review Act and not the writ afforded Clark the proper remedy upon the denial of his application, and in any event the denial was correct.

A writ of mandamus "is an extraordinary and expeditious legal remedy which proceeds on the assumption that the applicant has an immediate and com-

---

the results of the examination are known. Except as hereinafter provided, no license shall be issued until the expiration of said posting period."

2. Rule 34 E. of the Registrar's Rules and Regulations provides: "During the period of posting, if information is brought to the attention of the Registrar concerning the character, integrity or qualifications of applicant and it is such that, in the Registrar's discretion, it would be proper to deny the license, the Registrar shall forthwith notify the applicant and furnish him with a copy of the alleged charges and notify him to show cause by filing his sworn answer within not more than ten (10) days, why the license should not be denied. Applicant shall then be entitled to a hearing. Notice to the applicant shall be by certified mail to the address shown on the application. The proceeding shall be conducted in accordance with the provisions of title 32, chapter 10, A.R.S. and the Registrar shall have all the power granted therein."

plete legal right to the thing demanded." [3] Such a writ will lie only where *two* conditions are present: first the act, performance of which is sought to be compelled, must be "a ministerial act which the law specially imposes as a duty resulting from an office," [4] or if discretionary it must clearly appear "that the officer has acted arbitrarily and unjustly and in the abuse of discretion * * *." ;[5] and second there must exist no other "plain, speedy and adequate remedy at law." [6]

■■ We believe that A.R.S. Title 12, Ch. 7, Art. 6 (1956) entitled "Judicial Review of Administrative Decisions" (hereafter called the Review Act or The Act) provides just such a plain, speedy and adequate remedy. Therefore since the second condition precedent to the issuance of the writ of mandamus was not present in this case, neither the first condition nor the validity of the Registrar's denial of the license need be discussed.[7] A.R.S. § 12–902, subd. A provides:

"This article applies to and governs every action to review judicially a final decision of an administrative agency except the state department of public welfare, or where the act creating or conferring power on an agency or a separate act provides for judicial review of the agency decisions and prescribes a definite procedure for the review."

The only procedure for review of the decisions of the Registrar of Contractors is set out in A.R.S. § 32–1159. This section appears in Art. 3 of Title 32, Ch. 10 dealing with the *suspension* and *revocation* of licenses only, and has no reference to the *issuance* of licenses covered by Article 2 thereof. Therefore since the Registrar of Contractors is an "administrative agency" [8] and the denial of a license is a "final decision" [9] within the meaning of § 12–902, the Review Act is applicable to the case at bar.

A.R.S. § 12–902, subd. B provides in part:

"Unless review is sought of an administrative decision within the time *and in the manner provided in this article,* the parties to the proceeding

---

3. State Board of Technical Registration v. Bauer, 84 Ariz. 237, 240, 326 P.2d 358, 360 (1958).
4. 84 Ariz. at 239, 326 P.2d at 360. (Emphasis deleted.)
5. Collins v. Krucker, 56 Ariz. 6, 13, 104 P.2d 176, 179 (1940).
6. 84 Ariz. at 239, 326 P.2d at 360. (Emphasis deleted.)

7. We have likewise not concerned ourselves with the problem of the timing of the issuance of the alternative writ; i. e., whether it was issued before the procedures *within* the administrative agency had been exhausted and the license in fact denied.
8. See A.R.S. § 12–901, sub-para. 1 (1956).
9. See A.R.S. § 12–901, sub-para. 2 (1956).

before the administrative agency shall be barred from obtaining judicial review of such decision."

In State Board of Technical Registration v. Bauer, supra note 3, the trial court had granted a writ of mandamus ordering the board to issue a certificate to practice architecture to Bauer who had asserted that he had fulfilled the statutory requirements therefor and need not take a written examination. We quashed the peremptory writ and stated:

"On appeal the superior court could either direct the license to issue or it would refuse to do so and thus relegate him back to the Board for an examination. It is our view that an appeal was his proper remedy and hence, as a matter of law, the writ should not have issued in the first instance. * * *"

"To permit appellee to by-pass or circumvent the jurisdiction of the Board, as was done in the instant case, not only sets a bad precedent but invalidates, in part at least, the Administrative Review Act recently passed by the legislature which safeguards the rights of litigants appearing before such administrative bodies." 84 Ariz. at 242, 326 P.2d at 361.

10. State Board of Technical Registration v. McDaniel, 84 Ariz. 223, 227, 326 P. 2d 348, 351 (1958). (Emphasis in original.)

The Act is not however, *"in all cases,* the *exclusive* and an *adequate remedy* * * * [although i]n the usual and ordinary situation—absent a jurisdictional question—such is the procedure that must be followed."[10] Thus in the McDaniel case, supra note 10, we allowed a writ of prohibition to be issued because in reviewing the action of the lower court we found a number of factors tending to justify its finding that the remedy of appeal was inadequate. The McDaniel case concerned a registered engineer who was being subjected to disciplinary proceedings by the State Board of Technical Registration and we said the trial court had not abused its discretion because of:

"questions as to the constitutionality of portions of the Act relied upon; grave doubts as to the legal sufficiency of the charges made; [the possibility] that the same acts charged might involve appellee McDaniel in a criminal prosecution under the criminal sections of the statute * * *; the extreme burden placed upon appellee in connection with the broad requirements of a subpoena issued in the matter; lack of jurisdiction of the Board; and the fact that a criminal case involving similar constitutional questions had already been certified to this court."[11]

11. 84 Ariz. at 228, 326 P.2d at 351.

It is evident from the language we have quoted above from A.R.S. § 12–902 and the Bauer and McDaniel cases,[12] that the Review Act was passed to provide a plain, speedy, and adequate remedy for all adverse administrative determinations covered thereby. In order for the party injured to by-pass the Act and avail himself of the extraordinary writs, it is incumbent upon him to demonstrate that factors, such as those in the McDaniel case, are present and make appeal by means of the Act inadequate. Therefore unless the record in the instant case contains evidence of such factors, we must reverse the trial court for abusing its discretion in granting the writ.

■ Clark contends that the requirement of A.R.S. § 32–1122, subd. B, sub-para. 3, that the applicant shall not have engaged in the contracting business within a year, gives the Registrar the power only to make a finding that the applicant had theretofore been found guilty by a court and jury under A.R.S. § 32–1164, sub-para. 2 of the misdemeanor of "[a]cting in the capacity of a contractor within the meaning of this chapter without a license." Thus, Clark argues, the Registrar exceeded his jurisdiction when he called a hearing to determine himself whether the applicant had failed to fulfill this requirement. We see no merit to such an argument. Section 32–1122, subd. B, sub-para. 3 does not so limit the Registrar's power and it is evident that the intention of the entire chapter is to take out of the courts and place in the administrative agency the duty of making determinations based upon adduced facts in areas in which the agency has expertize. A holding that a prosecution under § 32–1164, sub-para. 2 is a prerequisite to the Registrar's determination that the requirement has not been met, would run counter to the very purposes in setting up the agency and as a practical matter would negative the requirement.

■ Clark also contends that in promulgating Rule 34, supra notes 1 and 2, and in acting pursuant thereto, the Registrar was acting unconstitutionally. We disagree. A.R.S. § 32–1104, sub-para. 6 gives the Registrar the power to "[m]ake rules and regulations he deems necessary to effectually carry out the provisions and intent of this chapter." Thus in order to obtain information as to the qualifications of applicants and thereby protect the interest of the people of the state, Rule 34 was promulgated requiring a posting for at least twenty days after the results of the exam-

12. But see also Senner v. Bank of Douglas, 88 Ariz. 194, 354 P.2d 48 (1960) wherein we upheld the issuance of a writ of mandamus by the trial court directing the corporation commission to accept for filing an amendment to the bank's articles of incorporation changing its name. We found an abuse of discretion and held that mandamus was not foreclosed by the Review Act, quoting the McDaniel case to the effect that it was not always the exclusive and, an adequate remedy.

ination are known. The applicant is in turn protected from an indefinite posting and postponement of a decision in regard to his license by A.R.S. § 32–1124, subd. A which requires that he be notified of the action taken thereon within sixty days from the date of filing.

■ Clark has offered no evidence in support of his charge that, despite Rule 34, the custom had been to regard the twenty day posting period as the maximum and not the minimum period for allowing complaints regarding an applicant's qualifications, thus this argument will be disregarded. Furthermore we see nothing unconstitutional in giving the Registrar the discretion to determine: 1) whether the minimum posting period is sufficient in a given case, 2) whether the posting procedure need be followed at all,[13] and 3) whether a hearing is to be had although not requested by the parties. We hold therefore that the Registrar did not act unconstitutionally in receiving the complaint twenty-two days after posting, in holding two hearings, and in issuing the denial of the license sixty days after application was made.

■■ The final question for our determination is whether the great period of time which is likely to elapse between the denial of the license and a final decision by the courts, is of itself enough to constitute the Review Act an inadequate remedy. We do not think it is. A remedy does not become inadequate merely because more time will be consumed by pursuing it through its prescribed course than would be required in the use of the writ.[14] We sympathize with those litigants who may be adversely affected by the delay, but in deciding whether the trial court abused its discretion when it issued the writ, we must consider the broad problems of the administration of justice. To hold that delay alone is here a sufficient basis for declaring the Review Act an inadequate remedy, would be to say as a matter of law that an Act passed by the legislature to provide an adequate remedy for adverse administrative decisions, cannot be such, at least insofar as the denial of licenses and certificates to engage in businesses and professions is concerned, as long as there remains a backlog in the courts.

We hold therefore that the Administrative Review Act afforded Clark an adequate remedy upon denial of his license, and that the trial court abused its discretion in find-

13. Rule 34 B. provides: "The Registrar may waive the requirement prescribed in para. A. of this rule, [supra note 1] in cases where the enforcement of said requirement would work an unreasonable hardship and inconvenience on applicant and the members thereof enjoy a favorable reputation in their community for honesty and integrity."

14. See e. g. Roche v. Evaporated Milk Assoc., 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185 (1943).

ing otherwise and issuing the writ of mandamus.

The judgment is reversed and the trial court directed to quash the peremptory writ.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concur.