412 P.2d ·708

Robert MORRISON and Golda Morrison, Petitioners,

v.

Hon. R. C. STANFORD, Jr., Judge of the Superior Court of Maricopa County, Arizona, and Cal Boies, Sheriff of Maricopa County, Arizona, Respondents.

No. 8742.

Supreme Court of Arizona.

En Banc.

March 30, 1966.

Robert Morrison, Phoenix, for petitioners.

Gorey & Ely, by Herbert L. Ely, Phoenix, for Thane Read, real party in interest.

BERNSTEIN, Vice Chief Justice.

Petitioners, Robert and Golda Morrison, have filed in this court their petition for a writ of mandamus against the Superior Court of Maricopa County. On February 24, 1966, we issued the peremptory writ of mandamus, this being the decision to follow.

We issued the peremptory writ on the following facts. On January 24, 1966, petitioners were defendants in the Superior Court of Maricopa County, to an action for forcible entry and detainer. See A.R.S.

§ 12–1171 et seq. At the outset of the case, before the trial judge sitting without a jury, petitioners moved to file an amended answer which the court below took under advisement after plaintiff objected thereto. The court never ruled on the motion to amend. Before resting his case the plaintiff below testified and offered three exhibits as evidence. After plaintiff's case in chief petitioners moved the lower court to dismiss the complaint. Without proceeding any further the lower court took the matter under advisement and adjourned. Later that same day the Superior Court ruled on petitioners' motion to dismiss and found the petitioners guilty of forcible detainer and entered judgment for plaintiff.

Petitioners contend that Rules 39(b) and 39(i), Rules of Civil Procedure, 16 A.R.S., give an absolute right for a defendant to present evidence. Rule 39(b) provides, in part, as follows:

"The trial by a jury shall proceed in the following order, *unless the court for good cause stated in the record,* otherwise directs:" (Emphasis supplied)

\* \* \* \* \* \*

"4. The plaintiff shall then introduce evidence.

"5. The defendant shall then introduce evidence."

Rule 39(i) provides:

"The rules prescribed for trial of actions before a jury shall govern in trials by the court so far as applicable."

There is nothing *in the record* to indicate why the lower court decided the matter without allowing petitioners to present their case. On so fundamental a right as that at issue here Rule 39(b) does not allow us to speculate as to the reasoning behind the lower court's actions, for that court must spell out, in the record, its holding and the reason behind it. See Avery v. Drane, 77 Ariz. 328, 271 P.2d 480, wherein the trial court refused to permit defendants to introduce evidence in support of the allegations in their answer, but made the reason behind the ruling a matter of record. This permitted us to review the propriety of the ruling and hold

"\* \* \* that if the evidence had been received in toto there was no part of it which would have constituted a valid defense to the claim of appellees." id. at 334, 271 A.2d at 484.

This the Superior Court failed to do when it granted judgment.

In State Board of Technical Registration v. Bauer, 84 Ariz. 237, 326 P.2d 358, we held that a writ of mandamus

"\* \* \* is an extraordinary and expeditious legal remedy which proceeds on the assumption that the applicant has an immediate and complete legal right to the thing demanded." id. at 240, 326 P.2d at 360.

In Rhodes v. Clark, 92 Ariz. 31, 373 P.2d 348, we stated the requirements for a writ of mandamus:

"Such a writ will lie only where *two* conditions are present: first the act, performance of which is sought to be compelled, must be 'a ministerial act which the law specially imposes as a duty resulting from an office,' (footnote omitted) or if discretionary it must clearly appear 'that the officer has acted arbitrarily and unjustly and in the abuse of discretion * * *' (footnote omitted) and second there must exist no other 'plain, speedy and adequate remedy at law.'" (footnote omitted) id. at 35, 373 P.2d at 350.

When a court does not follow the dictates of Rule 39(b), supra, it exceeds its jurisdiction by acting arbitrarily—failing to assign, as a matter of record, a reason for its ruling as required by Rule 39(b).

Plaintiff below asserts that petitioners have, however, a plain, speedy and adequate remedy at law, because:

"* * * the judgment which petitioner seeks to attack in this proceeding was a final judgment and that therefore petitioner had the complete right of appeal from that judgment, by ordinary appeal procedure, under A.R.S. 12–2101 B; that in conjunction with such right petitioner had the right to stay enforcement of the aforesaid judgment * * * by filing a bond and paying the rental value of the premises under A.R.S. 12–1182. * * *"

The writ of mandamus will not issue where there is a plain, speedy and adequate remedy in the ordinary course of law and particularly when the petitioners do not substantially demonstrate the propriety and justice of their case. Here, where petitioners have been deprived of "their day in court" in violation of Rule 39(b), supra, the propriety of our granting the writ is clear and assumes that essential justice is done.

We hold that the Superior Court must quash the writ of restitution and permit petitioners to introduce evidence in their defense of the complaint.

Writ of mandamus granted.

STRUCKMEYER, C. J., and UDALL and McFARLAND, JJ., concur.

NOTE: Justice Lorna E. Lockwood did not participate in the final determination of this case.