414 P.2d 151

**SOUTHWEST FOREST INDUSTRIES, INC., a corporation, Petitioner,**

**v.**

**John F. SULLIVAN, John E. Evans, John M. Sakrison, and Employment Security Commission of Arizona, Respondents.**

**No. 8752.**

Supreme Court of Arizona.

In Banc.

May 11, 1966.

Shimmel, Hill, Kleindienst & Bishop, Phoenix, for petitioner.

Darrell F. Smith, Atty. Gen., James A. Tucker, Asst. Atty. Gen., for respondents.

BERNSTEIN, Vice Chief Justice.

On March 16, 1966 this court issued an alternative writ of mandamus ordering the respondent Employment Security Commission, hereinafter called the Commission, to accept and acknowledge the validity of all papers required of petitioner under the

Employment Security Act signed by one Jack Grady, petitioner's representative. The alternative writ was predicated on the following facts.

On December 31, 1965 the Commission passed a resolution which stated that all communications sent to it had to be signed by the employer or his employee. Petitioners and others filed an action challenging the regulation and on February 15, 1966 the Superior Court of Maricopa County entered an order sustaining the Commission's power to pass and enforce the resolution. A week later petitioner was notified that a former employee had applied to the Commission for benefits under the Employment Security Act, A.R.S. § 23–601 et seq. Petitioner had a protest filed on its behalf which was signed "Southwest Forest Industries By Jack Grady /s/." The Commission rejected the protest on the ground that it had not been signed by "the employer or his employee" as required by the resolution. The Commission did not recognize Grady as an employee of petitioner.

Since 1955 petitioner and 159 other Arizona employers have utilized the services of Grady and his corporation, Arizona Uniservice, in all matters pertaining to unemployment insurance in their dealings with the Commission. Grady's clients, including petitioner, direct to him all requests for information received from deputies handling unemployment claims. For ten years the Commission accepted reports from Grady on behalf of his clients. In the instant case, the Commission admits Grady is the only tax consultant intended to be affected by the resolution.

Manifestly, the Commission's general authority to "adopt, amend or rescind rules and regulations," A.R.S. § 23–642, does not authorize it to define the word employee contrary to the definition expressly contained in the statute.

There is specific statutory language defining the word employee. A.R.S. § 23–614, subsec. C, provides:

"Each individual employed to perform or to assist in performing the work of any person in the service of an employing unit shall be deemed to be engaged by the employing unit *for all the purposes of this chapter,* * * *." (Emphasis added)

One purpose of the chapter is to provide for the filing of reports with the Commission, § 23–722, subsec. A, such as the protest filed in this case by Grady on behalf of the petitioner. Petitioner is a corporation which can operate only through people in its service. It follows that Grady, in making the reports, does the work of an employee because § 23–614, subsec. C authorizes petitioner to engage an employee to do this task. Therefore, Grady can sign reports for petitioner and

the Commission has no authority to provide otherwise.

■ The Commission must accept from petitioner all papers which the Employment Security Act requires it to file. The acceptance of such papers is a ministerial act, the performance of which may be compelled by a writ of mandamus. Rhodes v. Clark, 92 Ariz. 31, 373 P.2d 348.

The alternative writ of mandamus is made permanent.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and McFARLAND, JJ., concur.