# No. A-CV-15-86

# Supreme Court of the Navajo Nation

Yellowhorse, Inc., Jane Yellowhorse Jones
and Dennis Jones, *Petitioners,*
*vs.*
The Window Rock District Court,
The Honorable Robert Yazzie, Judge, *Respondent*
Decided July 11, 1986

## OPINION

*Before Tso, Chief Justice, Bluehouse and Austin, Associate Justices.*

*Robert J. Wilson, Esq., Gallup, New Mexico for the Petitioners.*

*Per Curiam.*

An original petition was originated in this Court by petitioners, Yellowhorse, Inc., Jane Yellowhorse Jones and Dennis Jones (collectively Yellowhorse), seeking writs of prohibition and mandamus to be directed against respondent, Honorable Robert Yazzie, Window Rock District Court Judge. On June 6, 1986, we entered an order denying the writs.

The gist of the Yellowhorse petition contends that (1) a writ of prohibition must be issued to prohibit Judge Yazzie from conducting further proceedings in the case of *The Navajo Nation v. Yellowhorse, Inc., et. al.,* WR-CV-178-84, until after Judge Yazzie renders a written decision, upon Yellowhorse's motion to dismiss, submitted at the end of the Navajo Nation's case; (2) a writ of prohibition must be issued prohibiting further proceedings until sufficient time has elapsed for Judge Yazzie to consider disqualifying himself, upon his own motion, for bias and prejudice flowing from his and his family's relationship to Chairman Peterson Zah; (3) a writ of mandamus must be issued ordering Judge Yazzie to dismiss all counts of the Navajo Nation's second amended complaint in *The Navajo Nation v. Yellowhorse, Inc., et al.,* supra, which fail to state a claim upon which relief can be granted and over which the Window Rock District Court has no jurisdiction; and (4) the writ of mandamus should also order Judge Yazzie, to file a formal decision consisting of specific findings of fact and conclusions of law, setting forth the basis for denying Yellowhorse's

motion to dismiss, as to any or all counts of the Navajo Nation's second amended complaint.

This Court has authority to issue writs pursuant to 7 N.T.C. §303, the Judicial Reform Act of 1985. Specifically, this Court's power to issue writs of prohibition, mandamus, and superintending control against a lower court is based upon its supervisory authority over inferior courts. *In the Matter of Contempt of: Arnold Sells,* 5 Nav. R. 37 (1985). These writs are often referred to as extraordinary writs. In its broader application, a writ of prohibition is used by a superior court to prevent inferior courts, tribunals, governmental officers or persons from usurping or exercising jurisdiction with which they have not been vested by law. See *Van Dyke et al. v. Superior Court of Gila Country et al.,* No. 2086, 211 P. 576 (1922). In essence, a writ of prohibition works to keep inferior tribunals within their lawful jurisdictional bounds. *In the Matter of Contempt of: Arnold Sells,* 5 Nav. R. 37 (1985).

An application for an extraordinary writ pursuant to 7 N.T.C. §303 is an original proceeding in this Court. This means that the application for the writ must be presented to this Court in the first instance. The Court will review the application and it will either deny the application or grant an alternative writ. If an alternative writ is granted, then further proceedings are necessary to determine whether the writ should be made permanent.

A writ of prohibition is an extraordinary remedy which we will grant only in rare cases showing absolute necessity. At a minimum we prefer that the application show that (1) the lower court is about to exercise judicial power; (2) the exercise of such power by the lower court is not authorized by law; and (3) the exercise of such power will result in injury, loss or damage for which there is no plain, speedy and adequate remedy at law.

In a preceding case, *Nelson J. McCabe, Chief Justice v. The Honorable Robert B. Walters,* 5 Nav. R. 43 (1985), the initial rule governing writs of prohibition in this jurisdiction was pronounced:

A writ of prohibition is a discretionary writ and is appropriately issued where the trial court is proceeding without or in excess of its jurisdiction, or has abused its discretion in exercising its function over matters within its authority to decide, and petitioner has no plain, speedy and adequate remedy at law. (Citation omitted).

Each application for a writ of prohibition requires a thorough consideration of the nature and circumstances of each case. For example, there may be a case where the lower court is proceeding without or in excess of its jurisdiction, but the petitioner has another plain, speedy and adequate remedy at law. It is possible in such a case to obtain a writ of prohibition but it will be based upon the sound discretion of the Court. In cases where it is unclear that the lower court is without jurisdiction or that it is exceed-

ing its jurisdiction, we are inclined to deny the application and have the petitioner pursue other remedies.

We do not purport that every petition for a writ of prohibition is granted or denied solely on the Court's discretion. This Court will grant a writ of prohibition as a matter of right if the lower court clearly has no jurisdiction of the action originally and the petitioner has no other remedy available. It will be the petitioner's burden to prove that he is entitled to the writ as a matter of right.

In a proceeding for a writ of prohibition, the primary concern is whether the lower court is proceeding without, or in excess of its jurisdiction. The focus is on jurisdiction. Both of Yellowhorse's contentions for a writ of prohibition are not of jurisdictional significance and Yellowhorse has not pointed out how they involved issues of jurisdiction. The first contention requests that Judge Yazzie be prohibited from conducting further proceedings until he enters a formal written decision. This request is a matter of the district judge's discretion wholly unrelated to jurisdictional questions. The second contention alleges bias by Judge Yazzie. Again the nexus between the alleged bias of Judge Yazzie and of the lower court's jurisdiction is lacking. Neither contention has addressed the issue of whether the district court is proceeding without or in excess of its jurisdiction. The application for a writ of prohibition is denied.

Yellowhorse's petition also asks for a writ of mandamus. Like a writ of prohibition, a writ of mandamus is an extraordinary remedy which will be granted in rare cases showing absolute necessity. A writ of mandamus will be issued to compel a district judge to perform a judicial duty required by law, only if there is no plain, speedy and adequate remedy at law. See *State Board of Technical Registration v. Bauer,* 84 Ariz. 237, 326 P. 2d 358 (1958).

A writ of mandamus, pursuant to 7 N.T.C. §303, is used to compel a lower court to perform existing duties within its jurisdiction. It is imperative that the petition initially show that (1) the petitioner has a legal right to have the particular act performed; (2) the respondent judge has a legal duty to perform that act; and (3) the respondent judge failed or neglected to perform the act. A writ of mandamus will not be used to create new duties for district court judges. Where the duty sought involves judicial discretion and inactivity is shown, a writ of mandamus will be issued to compel the exercise of that discretion, but the writ will not lie to command what the action shall be.

We believe that Yellowhorse is improperly requesting a writ of mandamus. Yellowhorse's arguments in support of the petition pertains to trial proceedings involving judicial discretion. In its first contention, Yellowhorse is attempting to bypass the district court by asking us to render a favorable judgment on the second amended complaint. This Court will

not order a district judge to dismiss a complaint before the lower court has had an opportunity to review the facts and applicable law and render a decision. Out of respect for the lower courts, and to maintain the public trust in the Navajo Nation judicial system, this Court's interference in lower court proceedings must be kept to an absolute minimum. Our supervisory powers will be exercised only in situations proving absolute necessity. If the district court decision is in error, Yellowhorse has a plain, speedy and adequate remedy by appeal.

Yellowhorse's second contention is also an improper matter for a writ of mandamus. The district judges are not required to enter specific findings of fact and conclusions of law on a motion to dismiss at the end of plaintiff's case. In essence, the instant petition requests us to create new duties for the district judges contrary to the purpose of a writ of mandamus. The district judge can enter findings following a motion to dismiss at the end of plaintiff's case, if he desires. The current practice only allows a district judge to enter findings at the conclusion of the case. The petition for a writ of mandamus is denied.